USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/5/21

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 20-mc-00249-AJN

ANTONIO CABALLERO,

        Plaintiff,

vs.

FUERZAS ARMADAS
REVOLUCIONARIAS DE COLOMBIA
a/k/a FARC-EP a/k/a
REVOLUTIONARY ARMED FORCES
OF COLOMBIA; and THE NORTE DE
VALLE CARTEL,

        Defendants.
_____/

**FILED UNDER SEAL**

### ORDER ON
### PLAINTIFF ANTONIO CABALLERO'S MOTION FOR AGENT AND INSTRUMENTALITY DETERMINATION AND FOR WRIT OF EXECUTION

**UPON DUE AND CAREFUL CONSIDERATION** of: Plaintiff Antonio Caballero's Motion for Agent and Instrumentality Determination and for Writ of Execution—regarding Evrofinance Mosnarbank (a.k.a. AKTSIONERNOE OBSHCHESTVO EVROFINANS MOSNARBANK; a.k.a. AKTSIONERNY KOMMERCHESKI BANK EVROFINANS MOSNARBANK; a.k.a. AO AKB EVROFINANS MOSNARBANK; f.k.a. EVROFINANS MOSNARBANK, AO; f.k.a. EVROFINANS MOSNARBANK, PAO) (the "Motion for AI Determination and for Writ of Execution Regarding Evrofinance"), and all legal authorities cited therein, including: (i) the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(e); (ii) Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, § 201(a), 116 Stat. 2322 (codified at 28 U.S.C. § 1610 note); (iii) *Stansell v. Revolutionary Armed Forces of Columbia [sic]*, 771 F.3d 713, 729-730 (11th Cir. 2014) (concluding that in actions to enforce judgments against

terrorists "factors weigh in favor of immediate attachment"), (iv) Fed. R. Civ. P. 69, and New York CPLR §§ 5230 and 5232, it is **ORDERED AND ADJUDGED** as follows:

1. The Court has subject matter jurisdiction to conduct post-judgment execution proceedings of a plaintiff's final judgment under a federal statute (ATA), rendered by a U.S. district court and properly registered in this district pursuant to 28 U.S.C. § 1963, with post-judgment execution under the ATA and TRIA § 201;

2. The Court grants the Motion for AI Determination and for Writ of Execution Regarding Evrofinance;

3. The Court finds that, the assets of Evrofinance Mosnarbank (a.k.a. AKTSIONERNOE OBSHCHESTVO EVROFINANS MOSNARBANK; a.k.a. AKTSIONERNY KOMMERCHESKI BANK EVROFINANS MOSNARBANK; a.k.a. AO AKB EVROFINANS MOSNARBANK; f.k.a. EVROFINANS MOSNARBANK, AO; f.k.a. EVROFINANS MOSNARBANK, PAO) are blocked assets and are executable under TRIA towards satisfaction of the May 20, 2020, final judgment entered by Chief Judge Michael K. Moore of the United States District Court for the Southern District of Florida registered with this Court on July 6, 2020 ("ATA Final Judgment," D.E. 1), and that the blocked assets of Evrofinance Mosnarbank (a.k.a. AKTSIONERNOE OBSHCHESTVO EVROFINANS MOSNARBANK; a.k.a. AKTSIONERNY KOMMERCHESKI BANK EVROFINANS MOSNARBANK; a.k.a. AO AKB EVROFINANS MOSNARBANK; f.k.a. EVROFINANS MOSNARBANK, AO; f.k.a. EVROFINANS MOSNARBANK, PAO) includes the assets/accounts of any entity owned in the aggregate, directly or indirectly, 50 percent of more by it.

4. The Court concludes that: (1) Plaintiff Antonio Caballero has adequately established that he has obtained an ATA judgment against a terrorist party (the FARC) that is based on an act of international terrorism, i.e., the ATA Final Judgment [D.E. 1]; (2) the assets which Caballero

seeks to execute on are "blocked assets" as that term is defined under the TRIA and the ATA, 18 U.S.C. §2333(e); (3) the total amount of the executions do not exceed the amount outstanding of Caballero's ATA Final Judgment; and (4) the owner of the subject blocked assets is an agent and instrumentality of the FARC;

5. The Clerk of this Court is directed to issue the Writ of Execution against Garnishee JPMorgan Chase & Co., in the form attached as **Exhibit D** to the Motion for AI Determination and for Writ of Execution Regarding Evrofinance for service and levy on Garnishee to execute and/or attach any assets (up to Plaintiff Antonio Caballero's outstanding trebled portion of his compensatory damages award – i.e., $128,362,915.50 – plus interest) within this Court's jurisdiction in the putative name of, or for the benefit of, or that were blocked due to an association with, Evrofinance Mosnarbank (a.k.a. AKTSIONERNOE OBSHCHESTVO EVROFINANS MOSNARBANK; a.k.a. AKTSIONERNY KOMMERCHESKI BANK EVROFINANS MOSNARBANK; a.k.a. AO AKB EVROFINANS MOSNARBANK; f.k.a. EVROFINANS MOSNARBANK, AO; f.k.a. EVROFINANS MOSNARBANK, PAO);

6. The Court will defer consideration of whether turnover of the outstanding balance of the trebled damages award or the outstanding balance of the non-trebled damages award is appropriate;

7. The Clerk of the Court is authorized and directed to issue such further writs of execution as warranted under, and in accordance with, Rule 69 of the Federal Rules of Civil Procedure, to execute and/or attach any assets (up to Plaintiff Antonio Caballero's outstanding trebled portion of his compensatory damages award - i.e., $128,362,915.50 – plus interest) within this Court's jurisdiction in the putative name of, or for thebenefit of, or that were blocked due to an association with, Evrofinance Mosnarbank (a.k.a. AKTSIONERNOE OBSHCHESTVO EVROFINANS MOSNARBANK; a.k.a. AKTSIONERNY KOMMERCHESKI BANK

EVROFINANS MOSNARBANK; a.k.a. AO AKB EVROFINANS MOSNARBANK; f.k.a. EVROFINANS MOSNARBANK, AO; f.k.a. EVROFINANS MOSNARBANK, PAO); and

8. This Motion for AI Determination and for Writ of Execution, any Order granting this Motion, and the Writ of Execution shall remain under seal until further order by the Court.

9. Caballero is ordered to notify the Court once he has attached all assets that are subject to this order.

**AND IT IS SO ORDERED** this day of ___April 5th___ 2021, in _New York_, New York.

_Alison J. Nathan_

**ALISON J. NATHAN**
**U.S. DISTRICT COURT JUDGE**