**WILLKIE FARR & GALLAGHER LLP**

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

July 18, 2022

**VIA FEDEX AND ECF**

Honorable Paul A. Crotty
United States District Court, Southern District of New York
500 Pearl Street, Chambers 1350
New York, NY 10007
CrottyNYSDChambers@nysd.uscourts.gov

Re:   Request for Un-Sealed Material, *Antonio Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al.,* No. 1:20-mc-00249-PAC (S.D.N.Y. 2020)

Dear Judge Crotty:

We represent LDC Supply International, LLC ("LDC"), a non-party affected by the above-captioned matter (the "Litigation"). In accordance with Rule 1(A) of your Individual Practices, we submit this letter seeking access to un-sealed materials in the Litigation that nonetheless remain unavailable on the public docket.[1] These materials are needed to assess our Client's legal recourse in this Litigation and/or future turnover actions.

We understand that Plaintiff filed an ex-parte motion for a writ of execution against an account purportedly holding funds of LDC [D.E. 22], which was granted by the Court on March 9, 2021 [D.E. 50 – the "LDC Order"], all without prior input from, or notice to, our Client. The Court based its March 9, 2021, order on three documents: Plaintiff's ex-parte motion for a writ of execution [D.E. 22]; Plaintiff's ex-parte motion for an agency or instrumentality determination

---

[1]   Because Plaintiff has already filed a motion to unseal the relevant materials [D.E. 47] and because the Court has already ordered the clerk to "remove any viewing restriction" on the relevant materials [D.E. 48], we do not believe this letter needs to be styled as a motion for relief. However, should the Court prefer that LDC file this letter as a motion, LDC will of course do so.

Hon. Paul A. Crotty
July 18, 2022
Page 2

and for writ of execution [D.E. 9]; and the Court's sealed order dated January 13, 2021, which we believe was docketed at D.E. 12, but cannot confirm due to viewing restrictions. On September 23, 2021, Plaintiff filed a letter motion seeking to unseal 13 documents, including all 3 of the documents cited above. [D.E. 47.] On September 27, 2021, the Court granted Plaintiff's motion and directed "the Clerk's Office to remove any viewing restrictions on these 13 documents." [D.E. 48 at 2.] However, the order dated January 13, 2021 appears to remain restricted.

Given that the January 13, 2021, order is one of three documents relied on by the Court to grant a writ of execution involving our client, it is necessary to fully assess the Court's reasoning and to take appropriate steps to seek relief, including the correction of clear factual and legal errors that we believe are the result of an entirely one-sided motions practice.

Indeed, each finding in the LDC Order[2] related to LDC appears to rely upon false information. For one, LDC's assets are not blocked under U.S. sanctions. The U.S. Government has made clear that LDC's assets are not blocked by the orders blocking its indirect parent, PDVSA—namely Executive Orders 13850 and 13884.[3] What is more, all prior briefing on the agency or instrumentality issue appears to focus on the Maduro regime's connection to the FARC, but that regime has no ability to direct or control any U.S. subsidiaries of PDVSA, including LDC, as a matter of well-settled U.S. law. *See Jiménez v. Palacios*, No. 2019-0490-KSJM, 2019 WL 3526479 (Del. Ch. Aug. 2, 2019), as revised (Aug. 12, 2019) (affirmed in its entirety by the Delaware Supreme Court, Case No. 399, 2019). Nor does indirect ownership of an entity by an agency or instrumentality establish that the owned-entity is also an agency or instrumentality. The

---

[2] The LDC Order holds in relevant part that the "assets of [LDC]" are blocked under U.S. sanctions and thus executable under TRIA [D.E. 50 ¶ 3]; the account in question is blocked due to its association with LDC [*id*. ¶ 4]; that PDVSA's blocked assets are "deemed to include the assets/accounts of [LDC]" just by virtue of PDVSA's indirect ownership of LDC [*id*.]; and that because LDC is indirectly owned by PDVSA it is an agent or instrumentality of the FARC [*id*.].
[3] *E.g.*, Office of Foreign Assets Control ("OFAC"), Gen. License 7C (Aug. 5, 2019), https://home.treasury.gov/system/files/126/venezuela_gl7c.pdf (exempting PDV Holding and its subsidiaries, including LDC, from the relevant blocking restrictions).

Court appears to base its conclusion in this regard *solely* on OFAC's so-called "Fifty Percent Rule," which blocks the property of entities that are owned 50% or more by a blocked party, *unless otherwise authorized*. But again, well-settled law makes clear that the 50% rule is not itself a sufficient basis for establishing an agency or instrumentality determination under TRIA,[4] and OFAC has made clear that the 50% rule does not apply to LDC. *See supra* n.3.

Furthermore, the account in question is not "of" LDC or any entity that has been determined to be an agency or instrumentality of the FARC, as is required under TRIA. Indeed, the funds at issue are an electronic funds transfer ("EFT") initiated by the bank of another non-party, Vitol, and as a result, under New York law, Vitol is the only entity with an attachable property interest in the funds. The current status of the funds here (halted by the bank following an EFT prior to reaching the beneficiary) is materially indistinguishable from the EFTs described in *Calderon-Cardona v. Bank of New York Mellon*, 770 F.3d 993, 1001–02 (2d Cir. 2014). There, the court found that an electronic transfer of funds that was stopped before it reached the beneficiary was not "of" the beneficiary. As a result, title here has not passed to an entity subject to a right of attachment. These are only some of the legal and factual problems at issue in the relevant order and briefing, and indeed, we understand that many related legal and factual errors are currently being litigated in the Western District of New York. *See Antonio Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al.*, No. 1:20-mc-00040-LJV (W.D.N.Y. 2020).

Accordingly, we ask that the previously-sealed order dated January 13, 2021, be provided to our Client by any means available.

---

[4] *See e.g.*, *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 731 n.13 (11th Cir. 2014) ("[I]t is not proper for the district court to rely solely on OFAC designation as creating an irrebuttable presumption of agency or instrumentality status. The agency or instrumentality determination is separate from the blocked asset determination."); *Pescatore v. Pineda*, No. 08-2245, 2019 U.S. Dist. LEXIS 84048, at *7 (D.D.C. May 20, 2019) (same).

Hon. Paul A. Crotty
July 18, 2022
Page 4

        Respectfully,

        /s/ Jeffrey B. Korn
        Jeffrey B. Korn
        Willkie Farr & Gallagher LLP
        787 Seventh Avenue
        New York, New York 10019
        Phone: (212) 728-8842
        Fax: (212) 728-9842
        JKorn@willkie.com