USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/13/2021

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

CASE NO: 20-mc-000249-AJN

ANTONIO CABALLERO,

    Plaintiff,

vs.

FUERZAS ARMADAS REVOLUCIONARIAS
DE COLOMBIA, a/k/a FARC-EP a/k/a
REVOLUTIONARY ARMED FORCES OF
COLOMBIA; and THE NORTE DE VALLE
CARTEL,

    Defendants.
_____/

**UNDER SEAL**

## ORDER

**UPON DUE AND CAREFUL CONSIDERATION** of Plaintiff Antonio Caballero's Motion for Agent and Instrumentality Determination and for Writ of Execution (the "Motion for Execution"), and all legal authorities cited therein, including: (i) the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(e); (ii) Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, § 201(a), 116 Stat. 2322 (codified at 28 U.S.C. § 1610 note); (iii) *Stansell v. Revolutionary Armed Forces of Columbia [sic]*, 771 F.3d 713, 729-730 (11th Cir. 2014) (concluding that in actions to enforce judgments against terrorists "factors weigh in favor of immediate attachment"), (iv) Fed. R. Civ. P. 69, and (iv) CPLR § 5232, it is **ORDERED AND ADJUDGED** as follows:

    1)    This Court has subject matter jurisdiction to conduct post-judgment execution proceedings of a plaintiff's final judgment under a federal statute (ATA), rendered by a U.S. district court and properly registered in this district pursuant to 28 U.S.C. § 1963, with post-judgment execution under the ATA and TRIA §201;

2)      The Court grants Plaintiff Antonio Caballero's ("Caballero") Motion for Execution;

3)      the Court finds that Petroleos de Venezuela, S.A. (a/k/a PDVSA; a/k/a PETROLEOS DE VENEZUELA S A; a/k/a PETROLEOS DE VENEZUELA S.A; a/k/a REFINERIA EL PALITO) and Banco Bandes Uruguay S.A. (a/k/a Bandes Uruguay) are agents and instrumentalities of the FARC;

4)      the Court finds that the assets of Petroleos de Venezuela, S.A. (a/k/a PDVSA; a/k/a PETROLEOS DE VENEZUELA S A; a/k/a PETROLEOS DE VENEZUELA S.A; a/k/a REFINERIA EL PALITO) and Banco Bandes Uruguay S.A. (a/k/a Bandes Uruguay) are blocked assets and are executable under TRIA towards satisfaction of the ATA Final Judgment, and that the blocked assets of that Petroleos de Venezuela, S.A. (a/k/a PDVSA; a/k/a PETROLEOS DE VENEZUELA S A; a/k/a PETROLEOS DE VENEZUELA S.A; a/k/a REFINERIA EL PALITO) includes the assets/accounts of any entity owned in the aggregate, directly or indirectly, 50 percent or more by it – including, PdVSA SAN FELIX S.A., PETROWARAO S.A., and VENEZUELAN HEAVY INDUSTRIES, C.A.;

5)      The Court concludes that Caballero, has adequately established that (1) he has obtained an ATA judgment against a terrorist party (the FARC) that is based on an act of international terrorism, (2) the assets which Caballero seeks to execute on are "blocked assets" as that term is defined under the TRIA and the ATA, 18 U.S.C. §2333(e), (3) the total amount of the executions does not exceed the amount outstanding of Caballero's ATA Final Judgment, and (4) the owner of the subject blocked assets is an agent and instrumentality of the FARC;

6)      The Clerk of this Court is directed to issue the writ of execution against Banco do Brasil S.A., Visa Inc., and Sumitomo Mitsui Banking Corporation in the form attached as

**Exhibit 9** to Caballero's Motion for Execution for service and levy on garnishees to execute and/or attach any assets (up to Caballero's outstanding balance of his trebled damages award - i.e., $135,193,487.93 - plus interest) within this Court's jurisdiction in the putative name of, or for the benefit of, or blocked due to an association with, Petroleos de Venezuela, S.A. (a/k/a PDVSA; a/k/a PETROLEOS DE VENEZUELA S A; a/k/a PETROLEOS DE VENEZUELA S.A; a/k/a REFINERIA EL PALITO); any entity owned in the aggregate, directly or indirectly, 50 percent or more by PETROLEOS DE VENEZUELA S.A (a.k.a. PDVSA; a.k.a. PETROLEOS DE VENEZUELA S A; a.k.a. PETROLEOS DE VENEZUELA, S.A.; a.k.a. REFINERIA EL PALITO – including, PdVSA SAN FELIX S.A., PETROWARAO S.A., and VENEZUELAN HEAVY INDUSTRIES, C.A.; and, Banco Bandes Uruguay S.A. (a/k/a Bandes Uruguay);

7)   The Court will defer consideration of whether turnover of the outstanding balance of the trebled damages award or the outstanding balance of the non-trebled damages award is appropriate;

8)   The Clerk of the Court is authorized and directed to issue such further writs of execution as warranted under, and in accordance with, Rule 69 of the Federal Rules of Civil Procedure, consistent with the Court's Order to execute and/or attach any assets (up to Caballero's outstanding balance of his trebled damages award - i.e., $135,193,487.93 - plus interest) within this Court's jurisdiction in the putative name of, or for the benefit of, or that were blocked due to an association with, Petroleos de Venezuela, S.A. (a/k/a PDVSA; a/k/a PETROLEOS DE VENEZUELA S A; a/k/a PETROLEOS DE VENEZUELA S.A; a/k/a REFINERIA EL PALITO) and Banco Bandes Uruguay S.A. (a/k/a Bandes Uruguay); and

9)   Caballero is ordered to notify the Court once he has attached all assets that are subject to this order.

**AND IT IS SO ORDERED** this day of ___January 13,___ 2021, in ___New York___, New York.

_____
**ALISON J. NATHAN**
**U.S. DISTRICT COURT JUDGE**