

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/13/2021

# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**CASE NO: 20-mc-000249-AJN**

ANTONIO CABALLERO,

    Plaintiff,

vs.

**UNDER SEAL**

FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA, a/k/a FARC-EP a/k/a REVOLUTIONARY ARMED FORCES OF COLOMBIA; and THE NORTE DE VALLE CARTEL,

    Defendants.

_____/

## ORDER

**UPON DUE AND CAREFUL CONSIDERATION** of Plaintiff Antonio Caballero's Motion for Writs of Execution (the "Motion for Execution"), and all legal authorities cited therein, including: (i) the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(e); (ii) Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, § 201(a), 116 Stat. 2322 (codified at 28 U.S.C. § 1610 note); (iii) *Stansell v. Revolutionary Armed Forces of Columbia [sic]*, 771 F.3d 713, 729-730 (11th Cir. 2014) (concluding that in actions to enforce judgments against terrorists "factors weigh in favor of immediate attachment"), (iv) Fed. R. Civ. P. 69, and (v) New York CPLR §§ 5230 and 5232, it is **ORDERED AND ADJUDGED** as follows:

1)    This Court has subject matter jurisdiction to conduct post-judgment execution proceedings of a plaintiff's final judgment under a federal statute (ATA), rendered by a U.S. district court and properly registered in this district pursuant to 28 U.S.C. § 1963, with post-judgment execution under the ATA and TRIA § 201;

2)    The Court grants Plaintiff Antonio Caballero's ("Caballero") Motion for

Execution;

3) the Court finds that the members of the El Aissami & Lopez Bello network (all of whom are identified in the Office of Foreign Assets Control Chart attached to Caballero's Motion for Execution as Exhibit 1), including those members listed below, are agents and instrumentalities of the FARC:

1. EL AISSAMI MADDAH, Tareck Zaidan (a.k.a. EL AISSAMI, Tareck; a.k.a. EL AISSAMI, Tarek)
2. LOPEZ BELLO, Samark Jose (a.k.a. LOPEZ DELGADO, Samark)
3. YAKIMA TRADING CORPORATION
4. YAKIMA OIL TRADING, LLP
5. PROFIT CORPORATION, C.A.
6. MFAA HOLDINGS LIMITED
7. GRUPO SAHECT, C.A.
8. SMT TECNOLOGIA, C.A.
9. SERVICIOS TECNOLOGICOS INDUSTRIALES, C.A.
10. ALFA ONE, C.A.
11. AGUSTA GRAND I LLC
12. 1425 BRICKELL AVE 63-F LLC
13. 1425 BRICKELL AVENUE 64E LLC
14. 1425 BRICKELL AVENUE UNIT 46B, LLC
15. 200G PSA HOLDINGS LLC
16. N200VR

4) the Court finds that the assets of the members of the El Aissami & Lopez Bello

network (listed above in items 1-16 in paragraph 3) are blocked assets and are executable under TRIA towards satisfaction of the ATA Final Judgment;

5) The Court concludes that Caballero has adequately established that (1) he has obtained an ATA judgment against a terrorist party (the FARC) that is based on an act of international terrorism, (2) the assets which Caballero seeks to execute on are "blocked assets" as that term is defined under the TRIA and the ATA, 18 U.S.C. § 2333(e), (3) the total amount of the executions does not exceed the amount outstanding of Caballero's ATA Final Judgment, and (4) the owner of the subject blocked assets is an agent and instrumentality of the FARC;

6) The Clerk of this Court is directed to issue the Writ of Execution against Citibank, N.A.; SIX SIS Ltd. a/k/a SIX SIS AG; The Depository Trust Company; the Federal Reserve Bank of New York; and, Bank J. Safra Sarasin in the form attached to Caballero's Motion for Execution as Exhibit 5 for service and levy on garnishee to execute and/or attach any assets (up to Plaintiff Antonio Caballero's outstanding trebled portion of his compensatory damages award - i.e., $130,798,751.07 - plus interest) within this Court's jurisdiction in the putative name of, or for the benefit of, or that were blocked due to an association with, any member of the El Aissami & Lopez Bello network (listed above in items 1-16 in paragraph 3).

7) The Court will defer consideration of whether turnover of the outstanding balance of the trebled damages award or the outstanding balance of the non-trebled damages award is appropriate;

8) The Clerk of the Court is authorized and directed to issue such further writs of execution as warranted under, and in accordance with, Rule 69 of the Federal Rules of Civil Procedure, consistent with the Court's Order to execute and/or attach any assets (up to Plaintiff Antonio Caballero's outstanding trebled portion of his compensatory damages award - i.e.,

3

$130,798,751.07 - plus interest) within this Court's jurisdiction in the putative name of, or for the benefit of, or that were blocked due to an association with, any member of the El Aissami & Lopez Bello network (listed above in items 1-16 in paragraph 3); and

9) Caballero is ordered to notify the Court once he has attached all assets that are subject to this order.

**AND IT IS SO ORDERED** this day of ____January 13,____ 2021, in New York, New York.

_____
**ALISON J. NATHAN**
**U.S. DISTRICT COURT JUDGE**