**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

December 12, 2022

**VIA ECF AND FEDEX**

Honorable Paul A. Crotty
United States District Court, Southern District of New York
500 Pearl Street, Chambers 1350
New York, NY 10007
CrottyNYSDChambers@nysd.uscourts.gov

Re:   Pre-Motion Conference, *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, No. 1:20-mc-00249-PAC

Dear Judge Crotty:

We represent LDC Supply International, LLC ("LDC"), a non-party with an interest in the above-captioned matter. In accordance with Rule 3(D) of your Individual Practices, we submit this letter to arrange a pre-motion conference in anticipation of LDC's motion to intervene, to quash the writ of execution docketed at ECF No. 50, Exhibit A, and to vacate the orders underlying that writ, which are docketed at ECF Nos. 50 and 68.

The basis for LDC's anticipated motion to intervene is that LDC is entitled to intervene as of right under Federal Rule of Civil Procedure 24(a), and in any event should be granted permission to intervene under Rule 24(b)(2). The basis for LDC's anticipated motion to quash is as follows: *First*, the Court's order—prior to the reassignment of this action—granting a writ of execution *ex parte* and under seal was improper as a matter of state and federal law, including as recently clarified by *Levinson v. Kuwait Finance House (Malaysia) Berhad*, 44 F.4th 91 (2d Cir. 2022). *Second*, LDC is not an "agency or instrumentality" of a "terrorist party" within the meaning of TRIA. *Third*, LDC's assets are not "blocked" within the meaning of TRIA. *Fourth*, the assets

subject to the writ of execution are not "of" LDC within the meaning of TRIA. *Fifth*, FARC is no longer a "terrorist party" within the meaning of TRIA following its delisting by the Secretary of State as a foreign terrorist organization under Section 219 of the Immigration and Nationality Act. *Sixth*, and finally, the underlying Florida state and federal-court judgments, and the writ of execution issued against PDVSA in this action, are void.

In addition, LDC respectfully requests that the parties be granted permission to file 30-page memoranda of law in support of and in opposition to LDC's combined motion to intervene and to quash. Good cause exists to grant permission to file 30-page memoranda in this case because LDC anticipates filing a single, combined motion covering both its arguments in favor of intervention and its numerous arguments in favor of an order quashing the writ of execution and underlying orders. Rather than file two motions (and two 25-page memoranda of law), LDC believes that judicial economy is better served by a single combined motion, accompanied by a single 30-page memorandum of law, and respectfully asks that the Court grant LDC permission to file its anticipated motion in that manner.

Respectfully,

/s/ Jeffrey B. Korn
Jeffrey B. Korn
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
Phone: (212) 728-8842
Fax: (212) 728-9842
JKorn@willkie.com

cc:   counsel for all parties via ECF