IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ANTONIO CABALLERO,   Case No.: 1:20-mc-00249- PAC

    *Plaintiff,*

v.

FUERZAS ARMADAS
REVOLUCIONARIAS DE COLOMBIA
a/k/a FARC-EP a/k/a
REVOLUTIONARY ARMED FORCES
OF COLOMBIA; and THE NORTE DE
VALLE CARTEL,

    *Defendants.*
_____/

### ORDER ON PLAINTIFF ANTONIO CABALLERO'S *EX PARTE* MOTION FOR WRITS OF EXECUTION AGAINST REAL PROPERTIES IN THE PUTATIVE NAME OF: 1) RIM GROUP PROPERTIES OF NEW YORK II CORP.; 2) TINDAYA PROPERTIES OF NEW YORK CORP.; AND 3) TINDAYA PROPERTIES OF NEW YORK II CORP.

THIS CAUSE came before the Court upon Plaintiff Antonio Caballero's ("Plaintiff") *Ex Parte* Motion for Writs of Execution Against Real Properties in the Putative Name of: 1) RIM Group Properties of New York II Corp.; 2) Tindaya Properties of New York Corp.; and 3) Tindaya Properties of New York II Corp. ("Motion") (ECF No. 61). Upon due and careful consideration of: (i) the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(e); (ii) Fed. R. Civ. P. 69(a)(1); (iii) Section 201(a) of the Terrorism Risk Insurance Act of 2002, 28 U.S.C. § 1610 note ("TRIA"); (iv) N.Y. C.P.L.R. Chapter 52 (Enforcement of Money Judgments), including, but not limited to, N.Y. C.P.L.R. §§ 5230 and 5236; (v) Rules 3 and 7 of the Individual Practices of Judge Paul A. Crotty, U.S.D.J.; (vi) *Stansell v. Revolutionary Armed Forces of Columbia [sic]*, 771 F.3d 713, 729-730 (11th Cir. 2014) ("factors weigh in favor of immediate attachment"); (vii) Plaintiff's *Ex Parte*, Expedited Motion for Agency or Instrumentality Determination with Incorporated Memorandum

of Law ("A/I Motion") (ECF No. 59); (viii) the Court's Sealed Order on the A/I Motion dated May 4, 2022 ("A/I Order"); and (ix) the pertinent portions of the record, and being otherwise fully advised in the premises, it is ORDERED AND ADJUDGED that:

1. The Court has subject matter jurisdiction to conduct post-judgment execution proceedings of a plaintiff's final judgment under a federal statute (ATA), rendered by this Court, with post-judgment execution under the ATA and TRIA §201;

2. Plaintiff's Motion (ECF No. 61) is GRANTED;

3. On May 4, 2022, this Court entered the A/I Order, currently under seal, granting Caballero's A/I Motion and determining that: (i) the individuals listed on Exhibit 1 to the A/I Motion (i.e., Raul Gorrin Belisario ("Gorrin")[1] and Gustavo Adolfo Perdomo Rosales ("Perdomo"))[2] are each an A/I of FARC; (ii) each entity listed on Exhibit 2 to the A/I Motion (including, amongst others, RIM Group Properties of New York II Corp.; Tindaya Properties of New York Corp.; and Tindaya Properties of New York II Corp.) is a blocked asset of such A/I of FARC listed on Exhibit 1 to the A/I Motion (i.e., Gorrin or Perdomo); and (iii) the real properties listed on Exhibit 3 to the A/I Motion are blocked assets executable under the TRIA towards satisfactions of Caballero's ATA Final Judgment. *See* A/I Order at 3.

4. Pursuant to Plaintiff's A/I Motion, this Court's A/I Order, and Plaintiff's Motion (ECF No. 61), RIM Group Properties of New York II Corp., in addition to all of its assets

---

[1] Raul Gorrin Belisario (a.k.a. GORRIN BELISARIO, Raul Antonio; a.k.a. GORRIN BELISARIO, Raul Antonio De La Santisima Trinidad; a.k.a. GORRIN, Raul; a.k.a. GORRIN, Raul A; a.k.a. GORRIN, Raul Antonio; a.k.a. GORRIN–BELISARIO, Raul Antonio De La Santisima). *See* Notice, Dep't of Treasury, OFAC, 84 Fed. Reg. 2946 (Feb. 8, 2019), https://www.govinfo.gov/content/pkg/FR-2019-02-08/pdf/2019-01643.pdf.

[2] Gustavo Adolfo Perdomo Rosales (a.k.a. PERDOMO ROSALES, Gustavo A; a.k.a. PERDOMO, Gustavo; a.k.a. PERDOMO, Gustavo A; a.k.a. PERDOMO, Gustavo Adolfo; a.k.a. PERDOMO-ROSALES, Gustavo). *See id.*

2

(including the blocked real property described below purportedly held by RIM Group Properties of New York II Corp.) are all blocked assets of Gorrin given Gorrin's ownership or control over such entity;

5.  Pursuant to Plaintiff's A/I Motion, this Court's A/I Order, and Plaintiff's Motion (ECF No. 61), Tindaya Properties of New York Corp. and Tindaya Properties of New York II Corp., in addition to all of their assets (including the blocked real properties described below purportedly held by Tindaya Properties of New York Corp. and Tindaya Properties of New York II Corp.) are all blocked assets of Perdomo given Perdomo's ownership or control over such entities.

6.  Plaintiff, having otherwise satisfied all the requisite elements of TRIA, may execute against the blocked real properties described below under TRIA towards satisfaction of the ATA Final Judgment (ECF No. 1-1);

7.  The Clerk of Court is DIRECTED to issue the Writs of Execution against the blocked real properties described below in the form of **Exhibits H through J** attached to the Motion so that Plaintiff may promptly attach the blocked real properties to perfect his judgment liens;

8.  The U.S. Marshal for the Southern District of New York is DIRECTED to execute and levy upon and sell the real properties listed below under TRIA and pursuant to the procedures for post-judgment execution, levy, and judicial sale set forth in N.Y. C.P.L.R. Chapter 52 (Enforcement of Money Judgments):

    a. the condominium unit located at 20 West 53rd Street, Unit 47A, New York, New York 10019 (the "**20 West 53rd St. Condo Unit 47A**"), designated as Lot 1263 in Block 1268 of the Borough of Manhattan, purportedly owned by RIM Group Properties of New York II Corp.;

    b. the condominium unit located at 330 East 57th Street, Unit 12, New York, New

York 10022 (the "**330 East 57th St. Condo Unit 12**"), designated as Lot 1111 in Block 1349 of the Borough of Manhattan, purportedly owned by Tindaya Properties of New York Corp.; and,

c. the condominium unit located at 60 Riverside Boulevard, Unit 3602, New York, New York 10069 (the "**60 Riverside Blvd. Condo Unit 3602**"), designated as Lot 4447 in Block 1171 of the Borough of Manhattan, purportedly owned by Tindaya Properties of New York II Corp.

9. The U.S. Marshal for the Southern District of New York, or his designee(s), is authorized and directed to use necessary force, including drilling, breaking, grinding, or the use of a locksmith to gain access to the real properties described above;

10. The Clerk of Court is authorized and directed to issue such further writs in aid of execution as warranted under, and in accordance with, Rule 69 of the Federal Rules of Civil Procedure, consistent with the Court's Order;

11. The Clerk of Court is DIRECTED to maintain the Motion (ECF No. 61) (inclusive of exhibits and proposed forms), as well as the A/I Motion (ECF No. 59) (inclusive of exhibits and proposed forms) and the A/I Order dated May 4, 2022, under seal until Caballero has attached all the subject blocked real properties (i.e., **20 West 53rd St. Condo Unit 47A, 330 East 57th St. Condo Unit 12,** and **60 Riverside Blvd. Condo Unit 3602**).

12. Plaintiff is ORDERED to notify the Court once he has attached all assets that are subject to this Order.

AND IT IS SO ORDERED this 16th day of June 2022, in New York, New York.

_____
PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE