IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ANTONIO CABALLERO,

    Plaintiff,

v.

FUERZAS ARMADAS
REVOLUCIONARIAS DE COLOMBIA
a/k/a FARC-EP a/k/a
REVOLUTIONARY ARMED FORCES
OF COLOMBIA; and THE NORTE DE
VALLE CARTEL,

    Defendants.

Case No.: 1:20-mc-00249-PAC

**FILED UNDER SEAL**

## [~~PROPOSED~~] ORDER ON PLAINTIFF ANTONIO CABALLERO'S MOTION FOR WRIT OF EXECUTION

**UPON DUE AND CAREFUL CONSIDERATION** of the Court's January 13, 2021 sealed Order (the "January 13, 2021 Sealed Petrocedeño Order") granting Caballero's *ex parte* Motion for Writ of Attachment [D.E. 6], regarding Petrocedeño S.A. ("Petrocedeño"); Plaintiff Antonio Caballero's Motion for Writ of Execution dated March 31, 2022 (hereafter the "Motion for Writ of Execution"); and pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. §2333(a); Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, § 201(a), 116 Stat. 2322 (codified at 28 U.S.C. § 1610 note); *Stansell v. Revolutionary Armed Forces of Columbia [sic]*, 771 F.3d 713, 729-730 (11th Cir. 2014) (concluding that in actions to enforce judgments against terrorists "factors weigh in favor of immediate attachment"); Fed. R. Civ. P. 69; and New York CPLR §§ 5230 and 5232, it is **ORDERED AND ADJUDGED** as follows:

1.    The Court has subject matter jurisdiction to conduct post-judgment execution proceedings of a plaintiff's final judgment under a federal statute (ATA), rendered by a U.S. district

court and properly registered in this district pursuant to 28 U.S.C. § 1963, with post-judgment execution under the ATA and TRIA § 201;

2. The Court grants the Motion for Writ of Execution;

3. The Court finds that, pursuant to the January 13, 2021 Sealed Petrocedeño Order, the assets of Petrocedeño, S.A. are blocked assets and are executable under TRIA towards satisfaction of the May 20, 2020, final judgment entered in the United States District Court for the Southern District of Florida in favor of Mr. Caballero and against FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA, a/k/a FARC-EP, a/k/a/ FARC, a/k/a REVOLUTIONARY ARMED FORCES OF COLOMBIA ("FARC") and THE NORTE DE VALLE CARTEL, a/k/a NDVC, a/k/a NORTH VALLEY CARTEL, and which was registered with this Court on July 6, 2020, D.E. 1 – 1-1 (hereinafter the "ATA Final Judgment");

4. The Court adopts the findings of the Honorable Andrew L. Carter, Jr. in this District, and Chief Administrative Judge Alison Renee Lee of the South Carolina Court of Common Pleas for the Fifth Judicial Circuit referenced in Motion for Writ of Execution regarding the agency or instrumentality status of Banco de Venezuela (a.k.a. BANCO DE VENEZUELA SA BANCO UNIVERSAL; a.k.a. BANCO DE VENEZUELA SA, BANCO UNIVERSAL; f.k.a. BANCO DE VENEZUELA, S.A.; a.k.a. BANCO DE VENEZUELA, S.A.C.A.) ("Banco de Venezuela");

5. The Court finds that the assets of Banco de Venezuela are blocked assets and are executable under TRIA towards satisfaction of the ATA Final Judgment;

6. The Court concludes that Plaintiff Antonio Caballero has adequately established that (i) he has obtained an ATA judgment against a terrorist party that is based on an act of international terrorism; (ii) the assets which Mr. Caballero seeks to execute on are "blocked assets" as that term is defined under the TRIA and the ATA, 18 U.S.C. §2333(e); (iii) the total amount of the executions do not exceed the amount outstanding of Mr. Caballero's ATA Final Judgment; and (iv) the owners

of the subject blocked assets are an agencies or instrumentalities of the FARC;

7. The Clerk of this Court is directed to issue the Writ of Execution for the levy of the blocked assets within this Court's jurisdiction held by: (1) Garnishee, Sumitomo Mitsui Banking Corporation ("SMBC") for service and levy on SMBC to execute and/or attach any assets (up to Plaintiff Antonio Caballero's outstanding trebled portion of his compensatory damages award – i.e., $121,501,252.99 – plus interest) within this Court's jurisdiction in the putative name of, or for the benefit of, or that were blocked due to an association with Petrocedeño S.A.; and (2) Garnishee, Citibank, N.A. ("Citibank") for service and levy on Citibank to execute and/or attach any assets (up to Plaintiff Antonio Caballero's outstanding trebled portion of his compensatory damages award – i.e., $121,501,252.99 – plus interest) within this Court's jurisdiction in the putative name of, or for the benefit of, or that were blocked due to an association with Banco de Venezuela (a.k.a. BANCO DE VENEZUELA SA BANCO UNIVERSAL; a.k.a. BANCO DE VENEZUELA SA, BANCO UNIVERSAL; f.k.a. BANCO DE VENEZUELA, S.A.; a.k.a. BANCO DE VENEZUELA, S.A.C.A.);

8. The Court will defer consideration of whether turnover of the outstanding balance of the trebled damages award or the outstanding balance of the non-trebled damages award is appropriate;

9. The Clerk of the Court is authorized and directed to issue such further writs of execution as warranted under, and in accordance with, Rule 69 of the Federal Rules of Civil Procedure, consistent with the January 13, 2021 Sealed Petrocedeño Order and this Order; and

10. Mr. Caballero is ordered to notify the Court once he has attached all assets that are subject to this order.

**AND IT IS SO ORDERED** this 4th day of May 2022, in New York, New York.

*Paul A Crotty*
USDJ

4