# BRAVERMAN | GREENSPUN
A PROFESSIONAL CORPORATION

November 25, 2024

By ECF and Email (caproninysdchambers@nysd.uscourts.gov)

The Honorable Valeri E. Caproni
United States District Judge
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

Re:   *Caballero v. Fuerzas Armadas Revolucionarias de Colombia et al.*,
       No. 20-mc-00249-VEC

Dear Judge Caproni:

This firm is counsel of record to non-party garnishee JPMorgan Chase Bank, N.A. ("JPMorgan") in the above action, in which Plaintiff Antonio Caballero, a judgment creditor of defendant Fuerzas Armadas Revolucionarias de Colombia (the "FARC"), moved on November 18, 2024 (the "Motion") under § 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA") for the turnover of an account blocked and held by JPMorgan under sanctions regulations, 31 C.F.R. 598, administered by the Office of Foreign Assets Control ("OFAC") of the U.S. Treasury Department (the "Blocked Account").

I write to request (i) that JPMorgan's time to respond to the Motion be extended by 18 days from December 2 to December 20, 2024, and (ii) that the Court so-order the accompanying stipulation between Plaintiff and JPMorgan that grants the extension request and includes provisions regarding service of all filings in this turnover proceeding on certain of the parties – mainly the four other known judgment creditors of the FARC or, in one case, of the Taliban – that have a potential interest in or claim to the Blocked Account. Plaintiff, having entered into the stipulation with JPMorgan, consents to the 18-day extension sought by JPMorgan and agrees with the proposed method of service set forth in the stipulation.

JPMorgan requests additional time to respond to the Motion in part due to the Thanksgiving holiday, but in larger part to use that time to try to streamline the proceedings on the Motion – and avoid formal interpleader proceedings – by obtaining voluntary discharges from other parties, mainly the other judgment creditors of the FARC, that have a potential interest in or claim to the Blocked Account. We will also use that time to work with Plaintiff's counsel to resolve issues as to service of Samark Lopez Bello ("Lopez Bello"), a Venezuelan national who has been sanctioned by OFAC since 2017 and who has previously been held to be an instrumentality of the FARC. Lopez Bello is alleged to have a 100% indirect ownership interest in the Blocked Account, and that interest is the basis for the blocking of the Blocked Account under OFAC sanctions.

Honorable Valerie E. Caproni
November 25, 2024
Page 2

      The stipulation entered into between Plaintiff and JPMorgan embodies the bank's request for an extension, but also addresses service of the Motion, and all subsequent court filings, on other judgment creditors of the FARC or the Taliban, as well as on non-party Bunge Latin America, a JPMorgan bank customer that asked the bank to set up the Blocked Account in 2017. The stipulation, if and when so-ordered, authorizes service of the Motion and all subsequent court filing on those parties by email to their respective counsel of record in other pending TRIA proceedings in this Court, in the Southern District of Florida, and in other federal courts.

      As to service of the Motion and subsequent filings on Lopez Bello, and on two of his wholly owned companies that also have an interest in the Blocked Account, Plaintiff and JPMorgan expect to make a separate application to the Court for authorization to serve those parties by alternative means.

      We thank the Court for its consideration.

      Respectfully,

      /s/Steven B. Feigenbaum
      Steven B. Feigenbaum

cc (by ECF):  All counsel of record

cc (by email):  Counsel for Plaintiff

Leon N. Patricios, Esq.
Joseph Zumpano, Esq.
Gabriela Rosell, Esq.
Jose Lopez-Varela, Esq.