USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/12/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTONIO CABALLERO,

                     Plaintiff,

-against-

FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA a/k/a FARC-EP a/k/a REVOLUTIONARY ARMED FORCES OF COLOMBIA & THE NORTE DE VALLE CARTEL,

                     Defendants.

20-MC-249 (VEC)

ORDER

---

**ORDER GRANTING PLAINTIFF
ANTONIO CABALLERO'S MOTION FOR TURNOVER OF BLOCKED
ACCOUNT UNDER TRIA AND FINAL TRIA TURNOVER JUDGMENT**

This matter is before the Court on Plaintiff Antonio Caballero's ("Plaintiff" or "Caballero") motion (the "Turnover Motion," ECF 111, 112, 112-1, 112-2) for the turnover under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107-297, § 201(a), 116 Stat. 2322 (codified at 28 U.S.C. § 1610 note), of the blocked account, ending in 036 (the "Blocked Account"), held by garnishee JPMorgan Chase Bank, N.A. ("JPMorgan").

IT IS HEREBY ORDERED that Plaintiff's Turnover Motion is GRANTED. The Court enters this Order and Final Turnover Judgment in favor of Caballero directing the turnover of the funds in the Blocked Account.

Based on the record regarding the Blocked Account, the Court finds and rules as follows:

1) This Court has subject matter jurisdiction to conduct post-judgment execution proceedings on Caballero's final judgment, under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(a)-(e), rendered by the U.S. District Court for the Southern District of Florida in *Antonio Caballero v. FARC, et al.*, No. 18-cv-25337 (the "Caballero Judgment"). The Caballero Judgment

has been registered in the U.S. District Court for the Southern District of New York pursuant to 28 U.S.C. § 1963.  (ECF 1)

2) JPMorgan established the Blocked Account, in the original amount of $6,700,833, on or about February 16, 2017 following discussions with non-party Bunge Latin America LLC ("Bunge").  The Blocked Account is blocked under 31 C.F.R Part 598, the Foreign Narcotics Kingpin Sanctions administered by the Office of Foreign Assets Control ("OFAC") of the U.S. Treasury Department.  JPMorgan, as garnishee, holds the Blocked Account, in New York, in accordance with 31 C.F.R. Part 598.  As of January 16, 2025, the Blocked Account had a balance of $7,534,412.03.

3) The Blocked Account is the property of Postar Intertrade Ltd. ("Postar"), which is wholly owned by Yakima Trading Corp. ("Yakima"), which in turn is wholly owned by Samark Lopez Bello ("Lopez Bello").  (ECF 126 at 7, 8)  On February 13, 2017, OFAC sanctioned Lopez Bello and Yakima by placing them on its list of Specially Designated Nationals ("SDN"), on which they remain today.

4) In March 2021, Caballero served a writ of execution on JPMorgan (the "Caballero Writ," ECF 36-3, 112-1) that covers, among other blocked assets, blocked accounts in which Lopez Bello has an interest, including the Blocked Account, whose redacted account number is stated in the Writ.

5) The Court has *in rem* jurisdiction over the Blocked Account insofar as the account is held by JPMorgan in New York.  The Court also has personal jurisdiction over JPMorgan.

6) Section 201(a) of TRIA provides that a holder of a judgment against a terrorist party on a claim based upon an act of terrorism may collect from the "blocked assets," as defined by TRIA § 201(d)(2), of an agency and instrumentality of the judgment debtor.  A license from

OFAC is not required for a garnishee to turn over to a judgment creditor, pursuant to a valid turnover order or judgment under TRIA, assets held by the garnishee that are blocked under OFAC sanctions regulations. *See Harrison v. Republic of Sudan*, 802 F.3d 399, 409 (2d Cir. 2015) ("Once a district court determines that blocked assets are subject to the TRIA, those funds may be distributed without a license from OFAC."); *Weininger v. Castro*, 462 F. Supp. 2d 457, 499 (S.D.N.Y. 2006).

7) To obtain an order directing the turnover of a blocked asset under TRIA § 201(a), a judgment creditor must establish: (1) that the ATA judgment being enforced is against a terrorist party and is based on an act of terrorism; (2) that the property on which execution is sought is a "blocked asset" within the meaning of TRIA § 201(d)(2); (3) that the amount of the blocked asset being executed on does not, combined with the judgment creditor's other recovered blocked assets, exceed the compensatory damages component of the creditor's ATA judgment; and (4) that the party with an ownership interest in the blocked asset on which execution is sought is the terrorist party/judgment debtor or an agency or instrumentality thereof. *Weininger*, 462 F. Supp. 2d at 479.

8) Caballero has met all of the elements required to obtain a final turnover judgment under TRIA § 201(a). Specifically: (1) Caballero has a judgment under the ATA against a terrorist party, Fuerzas Armadas Revolucionarias de Colombia ("FARC"), for a claim based on an act of terrorism, as previously determined by this Court in its Order dated March 9, 2021 (ECF 52 at ¶ 5); (2) Caballero seeks the turnover of a blocked asset within the meaning of TRIA § 201(d)(2) (*id.* at ¶¶ 4-5); (3) Caballero's recovery of the funds in the Blocked Account will not result in his overall recovery of more than the compensatory damages component of the Caballero Judgment (*id.* at ¶ 5)[1]; and (4) Lopez Bello is, as held in the Court's March 9, 2021 Order, an agency or

---

[1] The outstanding trebled portion of the compensatory damages awarded in the Caballero Judgment totals $119,749,608.07, plus interest. (ECF 112 at 12 n.12) As of October 16, 2024, the

instrumentality of the FARC (ECF 52 at ¶ 5; *see also* ECF 69 at ¶¶ 3, 5; Exhibit D, Lopez Bello Removal Action, No. 20-cv-11061, ECF 1-7, as defined in Caballero's memorandum of law in support of the Turnover Motion).  Further, for the reasons, which the Court adopts, stated in Caballero's memorandum of law in support of the Turnover Motion (ECF 112 at 12-13), Lopez Bello is collaterally estopped from contesting prior judicial determinations that he is agency or instrumentality of the FARC.

9)    As set forth in JPMorgan's Response to the Turnover Motion, the known parties, besides Caballero, with an actual or potential interest in the Blocked Account, referred to collectively as the "Interested Parties," are:  (i) the defendants/judgment debtors, including the FARC; (ii) Lopez Bello, Postar and Yakima; (iii) Bunge; (iv) the plaintiffs in *Marron et al. v. Maduro Moros et al.*, No. 1:21-cv-23190  (S.D. Fla) (the "Marron Plaintiffs"); (v) the plaintiffs in *Stansell et al. v. Revolutionary Armed Forces of Columbia ("FARC") et al.*, No. 19-cv-20896 (S.D. Fla.) (the "Stansell Plaintiffs"); (vi) the plaintiffs in *Osio et al. v. Maduro Moros et al.,*, No. 21-cv-20706  (S.D. Fla.) (the "Osio Plaintiffs"); (vii) judgment creditors of Al Qaeda and the Taliban (the "John Doe Plaintiffs"), who are among the plaintiffs in *In re: Terrorist Attacks on September 11, 2001*, No. 03-MDL-1570 (the "9/11 Litigation"), and who had served JPMorgan in 2022 with a writ of execution on the Blocked Account that they have since let lapse and is no longer in force; and (viii) all other plaintiffs in the 9/11 Litigation (the "9/11 Plaintiffs").

10)    The Court concludes that Caballero has complied with the notice requirements set forth in the Stipulation and Order entered by the Court on November 25, 2024 (ECF 116), the Court's Order dated January 8, 2025 (ECF 128), and the Court's Order dated January 14, 2025 (ECF 131), and that JPMorgan has complied with its obligations under the November 25, 2024

---

Blocked Account had a balance of $7,534,412.03.  *See Marron, et al. v. Maduro Moros, et al.,* No. 21-cv-23190 (S.D. Fla. Oct. 16, 2024), ECF 258 at 2.

Stipulation and Order. All the Interested Parties have accordingly received adequate notice from Caballero and JPMorgan of this turnover proceeding and have had an opportunity to be heard before the Court on the Turnover Motion. In particular:

    a.    As to the defendants/judgment debtors, the Court finds that Caballero has provided them with adequate notice as set forth in his Certificates of Service (ECF 111 at 4-5; 112 at 16-18).

    b.    As to Lopez Bello, Postar and Yakima, the Court finds that Caballero has provided them with adequate notice, as set forth in his Certificates of Service (ECF 111 at 4-5; 112 at 16-18; his January 10, 2025 Status Report (ECF 129); and his January 17, 2025 Notice of Compliance (ECF 132).

    c.    As to Bunge, the Marron Plaintiffs, the Stansell Plaintiffs, the Osio Plaintiffs and the John Doe Plaintiffs, the Court further finds that JPMorgan provided them with adequate notice by notifying them of this turnover proceeding in accordance with the means authorized by the Court's November 25, 2024 Stipulation and Order (ECF 116). (ECF 124 at 5, ECF 124-2) Bunge, the Stansell Plaintiffs, and the John Doe Plaintiffs have all confirmed in writing that they make no claim to the Blocked Account. *Id.*; *see also Marron* ECF 233 at ¶ 11, n.4 (as to Bunge). The Marron Plaintiffs and the Osio Plaintiffs, who are represented by the same counsel and whose interests are aligned (ECF 124 at 5), have failed to appear before the Court to oppose the Turnover Motion or to assert a claim to the Blocked Account.

    d.    As to the 9/11 Plaintiffs, Caballero's counsel sent the Turnover Motion to their respective counsel of record at or around the time, November 18, 2024, the motion was filed. (ECF 112 at 16-17) ("Certificate of Service") None of the 9/11 Plaintiffs responded to the Turnover Motion, and none assert a claim to the Blocked Account.

11) Caballero's claim to the Blocked Account takes priority over any claims by the Interested Parties. The Blocked Account is the property of Postar, which is indirectly owned by Lopez Bello, whose interest in the Blocked Account is the basis for the blocking of the account under 31 C.F.R. Part 598, as stated in Bunge's Blocking Report to OFAC (ECF 124-1 at 3). Caballero obtained the Caballero Writ from this Court covering the Blocked Account (ECF 36-3, 112-1) on or about February 23, 2021 and served the writ on JPMorgan on or about March 15, 2021. No other judgment creditors have served JPMorgan, as garnishee of the Blocked Account, with a writ of execution or writ of garnishment. The Marron Plaintiffs are the only other judgment creditors who have served a writ relating to the Blocked Account, but that writ (issued by the Southern District of Florida) was served on Bunge, not JPMorgan, and was served more than three years after Caballero served his writ on JPMorgan. (*Marron* ECF 213, 218) Caballero accordingly has priority vis-à-vis the Marron Plaintiffs to the funds in the Blocked Account.

IT IS FURTHER ORDERED that:

1. Caballero is entitled under TRIA § 201(a) to recover the funds in the Blocked Account, including all interest accrued thereon.

2. Subject to Section 3(d) below, JPMorgan shall transfer to Caballero the funds in the Blocked Account, including all accrued interest through the date of turnover, via wire transfer to Zumpano Patricios, P.A., counsel of record for Caballero. The transfer shall be made within 14 days after this Order and Final Turnover Judgment has become final and non-appealable under Section 3(d) below.

3. Upon JPMorgan's transfer of the funds in the Blocked Account to Caballero's counsel:

a. <u>Release and Discharge</u>: JPMorgan shall have no further obligations of any kind with respect to the Blocked Account. JPMorgan shall accordingly have no liability to, and is hereby discharged, held harmless and released from, any potential claims by or liability to Caballero, Lopez Bello, Postar, Yakima, Bunge, the Marron Plaintiffs, the Osio Plaintiffs, the Stansell Plaintiffs, the John Doe Plaintiffs, the 9/11 Plaintiffs, any agencies or instrumentalities of the FARC or of any of the other defendants, and any other persons or entities worldwide as to any matters based on, arising from or otherwise relating to JPMorgan's transfer of the funds in the Blocked Account to Caballero in accordance with this Order and Final Turnover Judgment.

b. <u>Permanent Bar on Future Litigation</u>: Caballero, Lopez Bello, Postar, Yakima, Bunge, the Marron Plaintiffs, the Osio Plaintiffs, the Stansell Plaintiffs, the John Doe Plaintiffs, the 9/11 Plaintiffs, any agencies or instrumentalities of the FARC or of any of the other defendants, and any other persons or entities worldwide shall be permanently restrained and enjoined from instituting or pursuing any legal action or proceeding, in any jurisdiction worldwide, against JPMorgan for damages allegedly arising from or otherwise relating to JPMorgan's transfer of the funds in the Blocked Account to Caballero in accordance with this Order and Final Turnover Judgment.

c. <u>Dissolution of All Writs</u>: All writs of execution – including the Caballero Writ – notices of pending action, restraining notices and other judgment creditor process of any kind served on, or delivered to, JPMorgan, to the extent they apply to or attach the funds in the Blocked Account, are hereby deemed vacated and null and void.

d. <u>Deferral of Transfer Until After Order Is Final and Non-Appealable</u>: JPMorgan's obligation under Section 2 above to transfer the funds in the Blocked Account to Caballero shall arise only after this Order and Final Turnover Judgment has become final and no longer subject to

appeal. This Order and Final Turnover Judgment shall be considered final and non-appealable when the time to file an appeal from it has expired or, if an appeal is filed and not dismissed, then after the Order and Final Turnover Judgment is upheld in all material respects on appeal or after review by writ of certiorari and is no longer subject to review upon appeal or review by writ of certiorari. For purposes of this Section 3(d), the time by which any Interested Party must file an appeal shall begin to run on the day that Caballero serves them with this Order and Final Turnover Judgment by the means previously authorized by the Court. Caballero must provide proof of service with the Court by no later than one day after service.

4. This Order constitutes a final judgment within the meaning of Fed. R. Civ. P. 54(b), and there is no just reason for delay in the entry of it as a final judgment, subject to Section 3(d).

5. This Court shall retain jurisdiction over this matter to enforce any violation of this Order and Final Turnover Judgment.

**SO ORDERED:**                              **Dated: February 12, 2025**

_____
**HON. VALERIE CAPRONI**
**UNITED STATES DISTRICT JUDGE**