WHITE & CASE

February 27, 2025

<u>VIA ECF</u>

Hon. Valerie E. Caproni
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

**RE:** *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, No. 20-mc-249 (S.D.N.Y.)

Dear Judge Caproni:

We represent Non-Party Respondents Ministerio del Poder Popular de Economia y Finanzas de la República Bolivariana de Venezuela (the "Ministry of Finance"), Petróleos de Venezuela, S.A. ("PDVSA"), Petrocedeño, S.A., Venezuelan Heavy Industries C.A., Aceites y Solventes Venezolanos Vassa, S.A., Petro San Felix, S.A., Petrowarao, S.A., PDV Marina, S.A., Venfleet Ltd., Venfleet Asphalt Ltd., and Venfleet Products Ltd. (collectively, the "Venezuelan Non-Parties") in the above-referenced action.  This letter is without prejudice to, and with express preservation of, all rights, privileges, immunities, and defenses, including as to lack of service and personal and subject-matter jurisdiction, as submitted in the Venezuelan Non-Parties' Motion to Vacate Orders, Quash Writs of Execution, and Dismiss Action With Prejudice, filed today as ECF 144–146.

Pursuant to the Court's Individual Practices, Rule 4.A, we write to request a teleconference to discuss the Venezuelan Non-Parties' proposed Motion to Strike the unauthorized notice of appearance and motion to vacate filed purportedly on behalf of certain of the Venezuelan Non-Parties by Douglas A. Kellner.  *See* ECF 137–139.  The Motion to Strike would be brought on the same basis as the briefing requesting the court strike the appearance of Mr. Kellner's co-counsel, Mr. Marcos Jiménez, that is pending before Magistrate Judge Sarah Netburn in *Stansell v. FARC*, No. 16-mc-405 (S.D.N.Y.) ("*Stansell*"), and *Pescatore v. Pineda*, No. 18-mc-545 (S.D.N.Y.) ("*Pescatore*").[1]  In particular, Mr. Kellner is known counsel for representatives of the illegitimate, unrecognized regime of Nicolás Maduro, whose representatives are prohibited from representing Venezuela and its agencies or instrumentalities in U.S. courts.  *See, e.g.*, *Stansell*, ECF 508, 549 (entering appearance purportedly on behalf of certain of the Venezuelan Non-Parties and acting as co-counsel with known Maduro representative).

Plaintiff Antonio Caballero has been interpleaded as an interested party in the *Stansell* and *Pescatore* actions, which are currently stayed pending the Second Circuit's decision in *Havlish v. Bin-Laden*, No. 23-258.  *Stansell*, ECF 551; *Pescatore*, ECF 172.  To avoid the possibility of

---

[1] Mr. Kellner appeared as Mr. Jiménez's co-counsel two years after the close of briefing, but any decisions by the *Stansell* and *Pescatore* courts would apply to his unauthorized appearance there as well.

WHITE & CASE

Hon. Valerine E. Caproni
February 27, 2025

inconsistent decisions and to preserve judicial resources, the Venezuelan Non-Parties respectfully submit that they should be permitted to file their Motion to Strike but that its adjudication should be held in abeyance pending adjudication of the same issue in *Stansell* and *Pescatore* following the *Havlish* decision.[2]

On February 17, 2025, Mr. Kellner entered an appearance in this action purportedly on behalf of some (but not all) of the Venezuelan Non-Parties.[3] *See* ECF 137. As a known counsel for representatives of the illegitimate, unrecognized Maduro regime, Mr. Kellner is prohibited from representing Venezuela and its agencies or instrumentalities in this action. *See, e.g.*, *Stansell*, ECF 508, 549. Indeed, only White & Case is authorized to represent the Venezuelan Non-Parties in this action, having been engaged to do so by the Council for the Administration and Protection of Assets of the Bolivarian Republic of Venezuela ("CAPA") and the Ad Hoc Board of PDVSA. CAPA and the Ad Hoc Board were delegated the exclusive authority to protect Venezuela's, PDVSA's, and its subsidiaries' assets outside Venezuela by the 2015 National Assembly of Venezuela — the last remaining democratic institution in Venezuela and the only governing body of Venezuela recognized by the United States. *See* Press Release, U.S. Dep't of State, *Venezuela's Interim Government and the 2015 National Assembly* (Jan. 3, 2023); Press Release, U.S. Dep't of State, *U.S. Relations with Venezuela* (July 18, 2024); *see also* Press Release, U.S. Dep't of State, *Secretary Rubio's Call with the Rightful President of Venezuela González Urrutia* (Jan. 22, 2025).[4]

Numerous courts have already determined the U.S.-recognized 2015 National Assembly and its delegated authorities are the only authorities that may appoint counsel to represent Venezuela and its state-owned entities in U.S. courts. For example, in considering the legal representation of many of the same Venezuelan Non-Parties here, Judge Lawrence J. Vilardo of the U.S. District Court for the Western District of New York determined that the political-question and act-of-state doctrines compelled the court to prohibit representatives of the illegitimate Maduro regime from representing PDVSA and its subsidiaries (many of the same in this action) in U.S. courts. *See Caballero v. FARC*, 2021 WL 1884110, at *1, *6-7 (W.D.N.Y. May 11, 2021).

---

[2] The *Stansell* and *Pescatore* plaintiffs, like Plaintiff here, are judgment creditors of the FARC. The Venezuelan Non-Parties are not parties to those underlying judgments, but all plaintiffs are seeking to enforce their default judgments by executing against the Venezuelan Non-Parties' assets upon the novel and ultimately improper theory that they are "agencies or instrumentalities" of the FARC under the Terrorism Risk Insurance Act ("TRIA"). In February 2021, when the actions were in their nascent stages and the Venezuelan Non-Parties had not yet appeared, the garnishee banks submitted that all three actions were related and should therefore proceed before the same judge. *Stansell*, ECF 185. On March 16, 2021, Judge Schofield deemed *Stansell* and *Pescatore* related but not *Caballero*, finding that this action was "in a different procedural posture" and there was "not complete overlap as to the alleged agencies and instrumentalities of FARC and related accounts at issue." *Stansell*, ECF 194 at 2. Since that order, the Venezuelan Non-Parties have filed motions to vacate on materially identical grounds now in each case, and subject to this teleconference request, would also have the same request to strike unauthorized appearance of counsel.

[3] Mr. Kellner did not enter an appearance for Petrowarao or Venezuelan Heavy Industries. Mr. Kellner additionally appeared for Banco de Venezuela S.A., Banco Universal, Banco Central de Venezuela, and Banco Bandes Uruguay S.A.

[4] *Available at* https://2021-2025.state.gov/venezuelas-interim-government-and-the-2015-national-assembly/; https://2021-2025.state.gov/u-s-relations-with-venezuela/; https://www.state.gov/secretary-rubios-call-with-the-rightful-president-of-venezuela-gonzalez-urrutia-and-venezuelan-democratic-opposition-leader-machado/.

WHITE & CASE

Hon. Valerine E. Caproni
February 27, 2025

"Under the political [question] doctrine, this Court must recognize [the 2015 National Assembly] as the only legitimate government of Venezuela." *Id.* at *7. And "under the act of state doctrine, at least as far as the United States courts are concerned, [the] appointment of the Ad Hoc Board is a valid act of state by the only legitimate Venezuelan government." *Id.* at *6. As a result, "[t]he only board with legitimacy in the United States, and therefore the only board authorized to appoint counsel for PDVSA and [its] subsidiaries in [U.S.] Court, is the Ad Hoc Board. *Id.*; *see also PDVSA US Litigation Trust v. LukOil Pan Americas LLC*, 65 F.4th 556, 562-564 (11th Cir. 2023) (noting that "[f]or more than five years, the executive branch has taken the position that the Maduro government is illegitimate," and holding the political-question and act-of-state doctrines prohibited Maduro representatives from representing PDVSA); Order, *Impact Fluid Solutions LP v. Bariven, S.A.*, No. 4:19-CV-00652 (S.D. Tex. May 20, 2020), ECF 55 (granting motion to substitute counsel with counsel appointed by Ad Hoc Board); *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 2019 WL 2185040, at *5 (D.D.C. May 21, 2019) (recognizing lawyers appointed by U.S.-recognized regime as "appropriate representatives" for Venezuela); *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, 2019 U.S. App. LEXIS 17543, at *1 (D.C. Cir. May 1, 2019) (order denying "request by the administration of Nicolás Maduro to bar" U.S.-recognized regime "representatives from arguing this appeal on behalf of Venezuela").

Mr. Kellner was engaged by representatives of the illegitimate and unrecognized regime of Nicolás Maduro, whose representatives have no legal basis to represent the Venezuelan Non-Parties' interests before U.S. courts and therefore no basis to file a notice of appearance and motion to vacate on their behalf. *See, e.g.*, *Stansell*, ECF 508, 549 (appearing as co-counsel with known Maduro representative). This Court is bound by the Executive's recognition of the 2015 National Assembly as the only legitimate democratic institution in Venezuela, and as a result, must give effect to the valid acts of state that authorized the Ad Hoc Board and CAPA to appoint White & Case as counsel for the Venezuelan Non-Parties. The Court is therefore compelled under the political-question and act-of-state doctrines to recognize the appointment of White & Case as counsel for the Venezuelan Non-Parties in this action, and to strike Mr. Kellner's appearance and the motion to vacate he purportedly filed on their behalf.

Accordingly, pursuant to the Court's Individual Practices, Rule 4.A, the Venezuelan Non-Parties respectfully request the Court schedule a teleconference to discuss their forthcoming motion to strike that will elaborate on the points raised herein.

By filing this letter, the Venezuelan Non-Parties do not waive and expressly reserve all rights, privileges, immunities, and defenses, including without limitation as to service of process and personal and subject-matter jurisdiction.

WHITE & CASE

Hon. Valerine E. Caproni
February 27, 2025

                                                      Respectfully submitted,

                                                      *s/ Claire A. DeLelle*
                                                      Claire A. DeLelle
                                                      Nicole Erb
                                                      Blair E. Trahan (*pro hac vice* pending)
                                                      Benedict S. Bernstein (*pro hac vice* forthcoming)
                                                      WHITE & CASE LLP
                                                      701 Thirteenth Street, NW
                                                      Washington, DC 20005-3807
                                                      Tel. (202) 626-3600
                                                      claire.delelle@whitecase.com
                                                      nerb@whitecase.com
                                                      blair.trahan@whitecase.com
                                                      benedict.bernstein@whitecase.com

                                                      *Counsel for the Venezuelan Non-Parties*

**cc:**      **All counsel of record via ECF**