**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/28/25

**ZUMPANO PATRICIOS**

312 Minorca Avenue | Coral Gables, FL 33134
**Ph:** (305) 444-5565 | **Fax:** (305) 444-8588
www.zplaw.com

May 23, 2025

**FILED VIA ECF**
The Honorable Valerie E. Caproni
Thurgood Marshall
United States Courthouse
40 Foley Square, Courtroom 443
New York, NY 10007

      Re:    *Caballero v. FARC, et al.*, No. 1:20-mc-00249-VEC

Dear Judge Caproni:

      We represent Plaintiff, Antonio Caballero ("Caballero"), in the above styled action. Pursuant to Rule 2A. of Your Honor's Individual Practices in Civil Cases, we write this letter to respectfully request that this Court partially lift the stay previously imposed on this action (ECF No. 155) for the limited purpose of allowing Caballero to initiate execution proceedings relating to Samark Jose Lopez Bello ("Lopez Bello"), including against garnishees other than JPMorgan ("JPM") and/or Citibank, N.A.

      On February 12, 2025, this Court entered an Order granting Caballero's motion for turnover of blocked assets, related to Lopez Bello, held by JPM. ECF No. 135. On February 18, 2025, the "Venezuelan Third Parties"[1] moved to vacate certain orders, quash a writ of execution, and stay proceedings. ECF Nos. 138-139; *see also* ECF No. 151 at 1. On February 27, 2025, the "Venezuelan Non-Parties"[2] moved to vacate certain orders, quash all writs of execution stemming therefrom, and dismiss this action as to the Venezuelan Non-Parties' assets with prejudice. ECF Nos. 144-146; *see also* ECF No. 151 at 1-2. Subsequently, the Court entered an Order: (i) staying JPM's obligation to transfer to Caballero the blocked funds related to Lopez Bello; and (ii) scheduling an in-person status conference for March 20, 2025. ECF No. 151 at 2. Following the status conference, the Court: (i) "lift[ed] the stay on JPMorgan's obligation…to transfer the funds in the Blocked Account [related to Lopez Bello] to Plaintiff;" and (ii) "ORDERED THAT this case is STAYED pending the Second Circuit's decision in *Havlish, et al. v. Federal Reserve Bank of N.Y.*, No. 23-258 (2d Cir. Feb. 28, 2023)." ECF No. 155.

      As evidenced above, this Court has previously lifted a stay in order to allow Caballero to execute against blocked assets related to Lopez Bello. Moreover, Caballero's requested relief, as stated above, will not impact JPM, the Venezuelan Third Parties, the Venezuelan Non-Parties, or Citibank N.A. Counsel for Caballero has conferred with the respective counsels for JPM, the Venezuelan Third Parties, the Venezuelan Non-Parties, as well as Citibank N.A.—all of which

---

[1] The "Venezuelan Third Parties" are defined in the signature block on page two of ECF No. 138.
[2] The "Venezuelan Non-Parties" are defined on page one of ECF No. 144.

*Zumpano Patricios Offices:*
MIAMI | NEW YORK CITY | WESTCHESTER (NEW YORK)
SALT LAKE CITY | CHICAGO | LAS VEGAS

were present, through counsel, at the March 20, 2025 status conference. Counsel for each of JPM, the Venezuelan Third Parties, the Venezuelan Non-Parties, and Citibank N.A. have all advised that they take no position on Caballero's requested relief sought herein. For the aforementioned reasons, Caballero respectfully requests that this Court grant the relief sought.

We thank Your Honor in advance for your due consideration of this matter.

Respectfully Submitted,

*/s/ Joseph I. Zumpano*
Joseph I. Zumpano

---

Application DENIED. The case is stayed pending the Second Circuit's decision in *Havlish v. Bin-Laden*, No. 23-258 (Filed Feb. 28, 2023). Given that the decision in that case implicates the basis for Plaintiff's TRIA collection efforts, the Court sees no reason to partially lift the stay to allow Plaintiff to proceed with additional collection efforts.

SO ORDERED.

5/28/25

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE