IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 20-mc-00249-VEC

ANTONIO CABALLERO,

           Plaintiff,

vs.

FUERZAS ARMADAS
REVOLUCIONARIAS DE COLOMBIA
a/k/a FARC-EP a/k/a
REVOLUTIONARY ARMED FORCES
OF COLOMBIA; and THE NORTE DE
VALLE CARTEL,

           Defendants.
_____/

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/16/25

## UNOPPOSED MOTION TO DISMISS WITH PREJUDICE, THE INTERESTED PARTIES ONLY PURSUANT TO RULE 21, FED. R. CIV. P.

Plaintiff Antonio Caballero ("Caballero"), by and through undersigned counsel and pursuant to Rule 21 of the Federal Rules of Civil Procedure, moves to dismiss, with prejudice, the Interested Parties[1] only from this action and in support states as follows:

1. Zumpano Patricios, P.A. represents Plaintiff, Antonio Caballero ("Caballero") in the above action in which Caballero seeks to satisfy his ATA Final Judgment. These collection proceedings, in part, involved claims against RIM Group Properties of New York II Corp., Tindaya Properties of New York, and Tindaya Properties of New York II Corp.

2. Caballero writes to inform you that Caballero and the Interested Parties submitted a Joint Notice of Global and Final Resolution and Joint Motion for Court Approval ("Global and Final Resolution") to the United States District Court for the Southern District of Florida

---

[1] The Interested Parties are Raul Gorrin, Gustavo Perdomo, and all entities in which they maintain a beneficial ownership interest. *See Caballero v. FARC, et al.*, No. 1:18-cv-25337-KMM (S.D. Fla. Dec. 23, 2022), ECF No. 207 at 2 n. 1 (collectively, the "Interested Parties").

1

("SDFL"), entered into with the Interested Parties in that action, including RIM Group Properties of New York II Corp., Tindaya Properties of New York, and Tindaya Properties of New York II Corp. *See* Global and Final Resolution, *Caballero v. FARC, et al.*, No. 1:18-cv-25337-KMM (S.D. Fla. Apr. 14, 2025), ECF No. 448 (attached hereto as Exhibit A). On April 25, 2025 Judge Moore of the SDFL approved the Global and Final Resolution. *Id*. at ECF No. 458 (attached hereto as Exhibit B).

3. Caballero's collection proceedings before this Court (presently stayed) and in other courts continues.

4. As part of the Global and Final Resolution, Caballero agreed that upon receiving the $6,000,000 set forth therein (which funds have been received), Caballero would dismiss his claims against the Interested Parties, including claims against their properties. Thus, pursuant to Rule 21, Fed. R. Civ. P., Caballero hereby moves this Court to dismiss the Interested Parties with prejudice from this action and further moves this Court to vacate the writs of execution obtained in this action as to the Interested Parties as follows: (i) 20 WEST 53RD STREET, UNIT 47A, NEW YORK, NY 10019; (ii) 330 EAST 57TH STREET, UNIT 12, NEW YORK, NY 10022; and (iii) 60 RIVERSIDE BOULEVARD, UNIT 3602, NEW YORK, NY 10069.

5. Additionally, counsel for Caballero has conferred with counsel for the Interested Parties and counsel for the Interested Parties does not oppose the relief sought herein.

Dated: June 10, 2025.

Respectfully submitted,

*/s/ Joseph I. Zumpano*
Joseph I. Zumpano (Admitted PHV Fla. Bar No. 0056091)
Email: jzumpano@zplaw.com
Leon N. Patricios (Admitted PHV Fla. Bar No. 0012777)
Email: lpatricios@zplaw.com
Zumpano Patricios, P.A.
312 Minorca Ave

Coral Gables, FL 33134
Tel. (305) 444-5565

Nicholas Rostow
Email: nrostow@zplaw.com
Zumpano Patricios & Popok, PLLC
134 East 38th Street
New York, New York 10016
Tel. (212) 381-9914

*Attorneys for Plaintiff Antonio Caballero*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 10, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system.

*/s/ Joseph I. Zumpano*
Joseph I. Zumpano (Admitted PHV Fla. Bar No. 0056091)

---

Application GRANTED. The Clerk of Court is respectfully directed to terminate RIM Group Properties of New York II Corp., Tindaya Properties of New York, and Tindaya Properties of New York II Corp. as Interested Parties in this case.

SO ORDERED.            6/16/25

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

3

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-25337-KMM

ANTONIO CABALLERO,

    Plaintiff,

v.

FUERZAS ARMADAS REVOLUCIONARIAS
DE COLOMBIA, *et al.*,

    Defendants.

_____/

## JOINT NOTICE OF GLOBAL AND FINAL RESOLUTION AND JOINT MOTION FOR COURT APPROVAL

As set forth in more detail below, Plaintiff Antonio Caballero ("Caballero") and the Interested Parties[1] jointly notify the Court that they have reached a global and final resolution of all issues between them, subject to and conditioned upon: (A) this Court's approval; and (B) the Buyer (defined below): (i) making the payments necessary to cancel the foreclosure of the Fisher Island Property[2] currently scheduled for April 15, 2025; and (ii) closing on the purchase of the Fisher Island Property in the Private Sale (defined below) on or before April 30, 2025.

As this Court is aware, Caballero has an Anti-Terrorism Act (18 U.S.C. § 2333) Final Judgment dated May 20, 2020 issued by this Court (the "Final Judgment"). Caballero has been collecting upon his Final Judgment pursuant to section 201(a) of the Terrorism Risk Insurance Act

---

[1] The "Interested Parties" are Raul Gorrin Belisario, Gustavo Perdomo Rosales, Globovision Tele C.A., Globovision Tele CA, Corp., Seguros La Vitalicia C.A., Corpomedios GV Inversiones, C.A., Corpomedios LLC, RIM Group Investments, Corp., RIM Group Investments I Corp., RIM Group Investments II Corp., RIM Group Investments III Corp., RIM Group Properties of New York, Corp., RIM Group Properties of New York II Corp., Magus Holdings USA, Corp., Magus Holding LLC, Magus Holding II, Corp., Tindaya Properties Holding USA Corp., Tindaya Properties of New York Corp., Tindaya Properties of New York II Corp., Posh 8 Dynamic, Inc., Constello No. 1 Corporation, Constello Inc., Windham Commercial Group Inc., Planet 2 Reaching, Inc., and Potricio Corp.

[2] The property located at 7043 Fisher Island Drive, Unit 7043, Miami Beach, Florida 33109 is the "Fisher Island Property."

("TRIA") and instituted proceedings before this Court against the Interested Parties (ECF 150). Caballero has a parallel collection proceeding against entities related to the Interested Parties pending in the Southern District of New York. *See Caballero v. FARC et al.*, 20-mc-00249 (S.D.N.Y).

As part of his collection proceedings against the Interested Parties before this Court and before the Southern District of New York, Caballero obtained writs of execution, including against the following properties:

- 7043 Fisher Island Drive, Unit 7043, Miami Beach, Florida
- 18555 Collins Ave., Unit 4401, Sunny Isles Beach, Florida
- 4100 Salzedo Street, Unit 804, Coral Gables, Florida
- 4100 Salzedo Street, Unit 1010, Coral Gables, Florida
- 4100 Salzedo Street, Unit 807, Coral Gables, Florida
- 4100 Salzedo Street, Unit 813, Coral Gables, Florida
- 4100 Salzedo Street, Unit 913, Coral Gables, Florida
- 20 West 53rd Street, Unit 47A, New York
- 330 East 57th Street, Unit 12, New York
- 60 Riverside Blvd, Unit 3602 New York

    (hereinafter, the "Released Assets")

This Court granted summary judgment in favor of the Interested Parties (ECF 365), which Caballero appealed to the Eleventh Circuit Court of Appeal. (ECF 367, 380). The Interested Parties filed a cross-appeal. (ECF 386). Caballero's appeal and the cross-appeal are fully briefed before the Eleventh Circuit. This Court also granted the applicable Interested Party's Motions for

Leave to Sell the Fisher Island and Collins Avenue Properties, which Caballero has also appealed. (ECF 438, 439) (the two Caballero appeals are hereinafter referred to as the "Caballero Appeals").

Planet 2 Reaching, Inc. ("P2R") has a buyer (herein the "Buyer") willing and able to close on the purchase of the Fisher Island property on or before April 30, 2025 for $18,365,000 -- an amount lower than previously approved by this Court (ECF 425, 438) (herein the "Private Sale"). However, such Buyer has not closed on the purchase of the Fisher Island Property due to Caballero's appeal of this Court's order authorizing the sale. The Fisher Island Property is set for a foreclosure sale on Tuesday, April 15, 2025 (herein the "Foreclosure Sale"). Nevertheless, the Buyer has represented to P2R that upon the filing of this Joint Notice, the Buyer will: (i) timely make the payments necessary to cancel the Foreclosure Sale of the Fisher Island Property; and (ii) close on the purchase of the Fisher Island Property on or before April 30, 2025.

The Interested Parties have previously submitted to this Court the licenses issued by the Office of Foreign Assets control to Mr. D.E. Wilson. A copy of the current and in force license is attached hereto as Exhibit 1 (the "License"). Pursuant to such License, OFAC has authorized Mr. Wilson to engage in "all activities ordinarily incident and necessary to continue to manage and maintain all of the blocked properties and chattels (such as vessels, vehicles and aircraft) (collectively, the "Properties"), including representing the Properties in litigation and other forms of dispute resolution, owned by Raul Belisario Gorrin and Gustavo Perdomo . . . ." By his signature below, Mr. Wilson represents that: (i) the OFAC license grants him the power to resolve litigation matters in order to preserve the value Properties; and (ii) this Global and Final Resolution between Caballero and the Interested parties preserves the value of the Properties.

In seeking to satisfy his Final Judgment, Caballero is permitted under law to seek less than full turnover of assets, including the less than the full turnover of the Released Assets. OFAC has

3

provided Mr. Wilson the authority to resolve litigation in order to preserve the value of properties subject to the OFAC license. Caballero and the Interested Parties agree that their Global and Final Resolution set forth herein is an efficient approach to ending litigation between them. Pursuant to the foregoing, Caballero and the Interested Parties have agreed as follows, subject to and conditioned upon the Court's approval:

1. The Interested Parties agree to cause the closing agent to remit proceeds of the Private Sale of the Fisher Island property, in the sum of Six Million Dollars ($6,000,000.00) to Antonio Caballero, to be deposited into the trust of account of Zumpano Patricios, P.A. as counsel for Antonio Caballero (the "Caballero Payment"). If, before April 30, 2025, such Private Sale does not close and the Caballero Payment is not received by Caballero in good cleared, and unblocked funds, this Global and Final Resolution and the relief set forth herein will be deemed null and void ab initio.

2. Upon payment, receipt, and clearance, of the Caballero Payment to Caballero in good, cleared and unblocked funds, Caballero agrees that both his Pending Appeals will be automatically and irrevocably deemed withdrawn with prejudice and, in addition, Caballero:

    a. will file dismissals with prejudice of the Caballero Appeals pending before the Eleventh Circuit;

    b. will file dismissals with prejudice of all pending actions against the Interested Parties, including any actions against the Released Properties.

3. Upon the closing of the Private Sale of the Fisher Island Property and the payment, receipt, and clearance, of the Caballero Payment to Caballero, the Interested Parties shall file dismissals of all appellate rights and cross-appeals.

4

4. Upon the closing for the Private Sale of the Fisher Island Property and the payment, receipt, and clearance, of the Caballero Payment to Caballero, Caballero and the Interested Parties agree that there will be no further litigation between them with respect to Caballero's Final Judgment or any collection proceedings thereunder and Caballero and the Interested Parties will thereby forever and irrevocably release and discharge each other, as well as their respective corporations, companies, parents, subsidiaries and worldwide affiliates, and each of its respective predecessors, successors, assigns, shareholders, divisions, directors, officers, employees, insurers, attorneys, representatives and agents, from and against all actions, causes of action, suits, claims, demands, or liabilities whatsoever of every kind and nature, whether in personam or in rem, known or unknown, asserted or unasserted, suspected or unsuspected, contingent or non-contingent, matured or not yet accrued, past, present or future, material or immaterial, which they had, have or may hereinafter acquire, whether in law or equity, for, upon, or by reason of any matter, cause or thing whatsoever from any time until the day of this release.

5. Caballero and the Interested Parties agree that if the Court approves this Global and Final Resolution, the terms set forth herein shall become fully binding and irrevocable upon payment, receipt and clearance, of the Caballero Payment to Antonio Caballero, and upon such payment, receipt, and clearance, of the Caballero Payment each party irrevocably surrenders their right to contest or appeal the terms of this Global and Final Resolution.

6. To the extent any Appeals are not dismissed by the 11th Circuit, the Parties hereto agree that despite any outcome from such Appeals, the outcome shall not entitle any of the

Parties to any further award, consideration, or modification of rights or interests in the pending collection proceedings by Caballero against the Interested Parties, separate and apart from (or in conflict with) the proposed terms of this Global and Final Resolution.

7. This Global and Final Resolution does not constitute any admission of the strength of any Parties' legal positions, likelihood of success in further litigation, value of potential outcomes or awards in the litigations between Caballero and the Interested Parties, nor does it constitute any admission against any Parties' interests regarding any pending legal proceedings.

8. This Global and Final Resolution is conditioned upon the payment, receipt, and clearance (without any restriction, encumbrance, or challenge, whatsoever) of the Caballero Payment to Antonio Caballero, and in the event that such payment, receipt, and clearance does not occur as per item 1 above (and by the date referenced therein), this Global and Final Resolution shall be deemed null and void ab initio.

Based on the foregoing, Caballero and the Interested Parties respectfully request that this Court enter the Order attached hereto.

*[signature]*

Joseph I. Zumpano
Fla. Bar. No. 0056091
E-mail: jzumpano@zplaw.com
Leon N. Patricios
Fla. Bar. No. 0012777
E-mail: lpatricios@zplaw.com

ZUMPANO PATRICIOS, P.A.
312 Minorca Avenue
Coral Gables, FL 33134
Tel: (305) 444-5565
Fax: (305) 444-8588

*Counsel for Antonio Caballero*

*[signature]*

Howard Srebnick
Fla. Bar. No. 919063
E-mail: hsrebnick@royblack.com
Lisandra Guerrero
Fla. Bar. No. 98521
E-mail: lguerrero@royblack.com

BLACK SREBNICK
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Tel: (305) 371-6421

*[signature]*

Robert J. Dunlap
Fla. Bar. No. 119509
E-mail: rdunlap@fnf.law

FREEDMAN NORMAND FRIEDLAND LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131

*[signature]*

D.E. ("Ed") Wilson, Jr.
Lankford & Reed, PLLC
120 N St Asaph St
Alexandria, VA 22314

*Counsel for Interested Parties*

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-25337-KMM

ANTONIO CABALLERO,

    Plaintiff,

v.

FUERZAS ARMADAS REVOLUCIONARIAS
DE COLOMBIA, *et al.*,

    Defendants.

_____/

## ORDER

This cause came before the Court upon the Joint Notice of Global and Final Resolution and Joint Motion for Court Approval filed by Plaintiff Antonio Caballero and the Interested Parties. For the reasons set forth below, the Motion is GRANTED. This Court approves the sale of the Fisher Island property for $18,365,000 and the distribution from such the Caballero Payment to the trust account of counsel for Antonio Caballero as well as the relief sought by Caballero and the Interested Parties in numbered paragraphs one through eight of their joint motion.

Caballero and the Interested Parties have engaged in litigation before this Court and the United States District Court for the Southern District of New York and have appeals pending before the Eleventh Circuit Court of Appeals. The litigation, in part, involves the Fisher Island Property previously addressed in this Court's orders. (ECF 421, 438) Pursuant to such Orders, this Court authorized the sale of the Fisher Island property. Nonetheless, such sale has not closed due to Caballero's pending appeals and is subject to a foreclosure sale scheduled for April 15, 2025.

8

Caballero and the Interested Parties have notified the Court of a Global and Final Resolution that will allow the private sale of the Fisher Island Property and avoid the foreclosure sale. The Interested Parties have provided this Court licenses issued by the Office of Foreign Assets control to Mr. D.E. Wilson. Pursuant to such License, OFAC has authorized Mr. Wilson to engage in "all activities ordinarily incident and necessary to continue to manage and maintain all of the blocked properties and chattels (such as vessels, vehicles and aircraft) (collectively, the "Properties"), including representing the Properties in litigation, which includes the Fisher Island Property. Mr. Wilson has executed and authorized the Global and Final Resolution pursuant to his OFAC license.

Based on the foregoing, this Court approves the sale of the Fisher Island property for $18,365,000 and the distribution from such sale of the Caballero Payment to the trust account of counsel for Antonio Caballero.

K. MICHAEL MOORE<br>
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-25337-KMM

ANTONIO CABALLERO,

    Plaintiff,

v.

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN, a/k/a NATIONAL LIBERATION
ARMY, *et al.*,

    Defendants.

_____/

## ORDER ON GLOBAL RESOLUTION

THIS CAUSE came before the Court upon the Parties[1] Joint Notice of Global and Final Resolution and Joint Motion for Court Approval. ("Mot.") (ECF No. 448). As set forth below, the Motion is GRANTED.

The Parties have engaged in extensive litigation before this Court, the United States District Court for the Southern District of New York, and have appeals pending before the United States Court of Appeals for the Eleventh Circuit. *See* Mot. at 2. Now before this Court is the Parties Global Resolution which contemplates: (1) the private sale of the Fisher Island Property for $18,365,000, (2) a $6,000,000 payment to Plaintiff, (3) Plaintiff dismissing his appeals related to this action before the Eleventh Circuit with prejudice, (4) Plaintiff dismissing "all pending actions against Interested Parties, including any actions against the Released Properties" with prejudice, and (5) an agreement between Plaintiff and the Interested Parties "that there will be no further litigation with respect to Caballero's Final Judgment[.]" Mot. ¶¶ 1–7.

---

[1] The Parties include Plaintiff Antonio Cabellero ("Plaintiff") and the Interested Parties, which are Raul Gorrin, Gustavo Perdomo, and all entities in which they maintain a beneficial ownership interest. *See* (ECF No. 207 at 2 n. 1).

On April 24, 2025, the Court denied Casa Express Corporation's Motion to Intervene, which sought intervention to protect its economic interests and the "integrity of OFAC's sanctions regime[.]" *See* (ECF No. 457 at 4) (quoting (ECF No. 449 at 7)). Nevertheless, in denying Casa Express Corporation's Motion to Intervene, the Court noted it would consider whether the proposed Global Resolution "undermines the integrity of OFAC's sanctions regime[.]" *Id.* First, in support of the instant Motion, the Parties filed a March 18, 2025, License Amendment from the Office of Foreign Assets Control, or OFAC, authorizing Mr. Wilson to engage in:

> [A]ll activities ordinarily incident and necessary to continue to manage and maintain all of the blocked properties and chattels (such as vessels, vehicles and aircraft) (collectively, the "Properties"), **including representing the Properties in litigation and other forms of dispute resolution**, owned by Raul Belisario Gorrin and Gustavo Perdomo, persons whose property and interests in property are blocked pursuant to Executive Order 13850, including but not limited to, acting as legal representative for the Properties and their property managers, collecting, receiving, and depositing income generated from the Properties, and debiting condominium assessment payments[.]

("Wilson License") (ECF No. 448–1 at 2) (emphasis added). Moreover, all Parties before this Court agree that the Wilson License covers the events contemplated in the Global Resolution. *See* (ECF No. 453 at 9) (Mr. Wilson "has informed OFAC of the contemplated Global and Final Resolution and executed the Joint Motion because doing so would avoid a foreclosure sale (scheduled for April 15, 2025) and preserve the value of the Fisher Island Property in accordance with his duties under the Wilson License."); *see also* (ECF No. 454 at 9) ("Caballero has a TRIA Judgment and needs no OFAC license, but Caballero also rejects Casa's position that the Wilson License somehow prevents P2R from engaging in a partial satisfaction of a TRIA Judgment – such as through the Global and Final Resolution."). Here, the Court finds that the Global Resolution does not violate OFAC's sanctions regime or policies. Moreover, the Court finds that Mr. Wilson has executed and authorized the Global Resolution pursuant to the Wilson License.

2

Accordingly, it is ORDERED AND ADJUDGED that the Joint Notice of Global and Final Resolution and Joint Motion for Court Approval (ECF No. 448) is GRANTED, and the Global Resolution (ECF No. 448) is APPROVED. The Court retains jurisdiction to enforce the terms of the Parties' settlement.

DONE AND ORDERED in Chambers at Miami, Florida, this  25th   day of April 2025

*[signature: K. M. Moore]*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record