WHITE & CASE

October 31, 2025

**VIA ECF**

Hon. Sarah Netburn
Chief United States Magistrate Judge
United States District Court for the
    Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
**T** +1 202 626 3600

**whitecase.com**

Re:    *In re Claims Against the Valero-Petrocedeño Account*, No. 20-mc-249-(LGS)(SN) and
       related actions as styled at ECF No. 196

Dear Judge Netburn:

White & Case LLP represents non-parties Petróleos de Venezuela S.A. ("PDVSA"), Aceites y Solventes Venezolanos Vassa S.A., PDV Marina S.A., Petro San Felix S.A., Petrocedeño S.A., Petrowarao S.A., Venezuelan Heavy Industries C.A., Venfleet Asphalt Ltd., Venfleet Ltd., and Venfleet Products Ltd. (the "PDVSA Subsidiaries"); and Ministerio del Poder Popular de Economía y Finanzas ("Ministry of Finance"); Banco de Venezuela ("BDV"), Banco Bandes Uruguay S.A., and Banco Bicentenario Banco Universal C.A. (together, the "BANDES subsidiaries," and collectively with the Ministry of Finance, the "Venezuelan Financial Entities") in the above-referenced enforcement proceedings.

In accordance with this Court's October 17 and October 27, 2025 Orders (*In re Claims Against the Valero-Petrocedeño Account*, ECF Nos. 196, 200), we write to:

- Supplement White & Case's earlier briefs establishing that it, and it alone, is authorized to represent the PDVSA Subsidiaries and Venezuelan Financial Entities in these actions; and,

- Apprise the Court of material facts that Douglas Kellner and Marcos Jiménez did not disclose in their supplemental letter about the individuals purporting to authorize them to act on behalf of the Venezuelan Financial Entities; namely, that those individuals are representatives of the illegitimate regime of Nicolás Maduro who have been designated as Specially Designated Nationals precisely because of their association with Maduro.

**I.    White & Case Alone Is Authorized to Represent the Venezuelan Financial Entities In These Actions**

After the lifting of the stays in these actions and the consolidation of these proceedings, White & Case has also been engaged to represent the Venezuelan Financial Entities by the Council for the Administration and Protection of Assets ("CAPA"), which was established by the U.S.-recognized opposition government of the Bolivarian Republic of Venezuela. *See* Decl. of Dr. Gustavo Marcano ¶¶ 18-20 (Oct. 21, 2025) (attached as Ex. A) ("Marcano Decl.").

WHITE & CASE

Hon. Sarah Netburn
October 31, 2025

Messrs. Kellner and Jiménez have repeatedly argued that striking their appearances would violate these entities' due-process rights by leaving them unrepresented. *See, e.g.*, Jiménez Br. 1-2, 7-11, *Stansell*, No. 16-mc-405 (Jan. 10, 2022), ECF 425; Jiménez Reply Br. 3-10, *Stansell*, No. 16-mc-405 (Jan. 26, 2022), ECF 436; Jiménez Supp. Ltr. 1, *Stansell*, No. 16-mc-405 (Sept. 30, 2025), ECF 591 ("Jiménez Sept. 30, 2025 Supp."). That argument is incorrect, as previously explained, but is in any even now moot. *See* White & Case Reply Br. 14-16, *Stansell*, No. 16-mc-405 (Jan. 26, 2022), ECF 434 (W&C Reply"). This argument was also rejected by the court in *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, No. 20-mc-40, 2021 WL 1884110, at *6-8 (W.D.N.Y. May 11, 2021).

For the avoidance of doubt, the authorities cited in the prior briefs of the PDVSA Subsidiaries and the Ministry of Finance, as well as the supplemental information included below, apply equally to establish that White & Case is the sole authorized counsel to represent the Venezuelan Financial Entities in these proceedings. *See* White & Case Br., *Stansell*, No. 16-mc-405 (Jan. 10, 2022), ECF 427 ("W&C Br."); W&C Reply; White & Case Supp. Ltr., *Stansell*, No. 16-mc-405 (Sept. 30, 2025), ECF 594 ("W&C Sept. 30, 2025 Supp.").

As detailed in the prior briefs, the recognition issues this Court must decide arise from the fraudulent elections held by Nicolás Maduro in May 2018. Following those elections, Maduro claimed victory and purported to assume the office of president for a second term in January 2019. W&C Br. 3. Venezuela's legislative body, the 2015 National Assembly, declared Maduro's presidency illegitimate, and formed an Interim Government. The United States de-recognized Maduro as the legitimate president of Venezuela and, on January 23, 2019, recognized the opposition government as the legitimate governing body of Venezuela. *Id*. The United States has continually reaffirmed its support for the U.S.-recognized opposition government of Venezuela, explaining recently that "since January 23, 2019, the United States has not recognized Maduro and his associates as the government of Venezuela," and, instead, "the United States recognizes the 2015 National Assembly as the government of Venezuela." Letter from Amb. Michael G. Kozak, *Petróleos de Venezuela, S.A. v. MUFG Union Bank, N.A.*, No. 19-cv-10023 (S.D.N.Y. filed Aug. 29, 2025) ECF 393-1; *accord* U.S. Statement of Interest at 1, *MUFG Union Bank, N.A.*, No. 19-cv-10023 (S.D.N.Y. filed Aug. 29, 2025), ECF 393 (affirming "recognition of, and firm support for, the 2015 National Assembly of Venezuela as the government of Venezuela").

Effective January 5, 2023, the National Assembly dissolved the Interim Government, removed the position of Interim President, eliminated the Special Attorney General Office, and established a new body for managing asset protection: the Council for the Administration and Protection of Assets ("CAPA"). *See* Marcano Decl. ¶¶ 4, 10. The National Assembly delegated to CAPA the authority to represent the interests of the Republic and to protect the Republic's assets abroad. *See id*. at ¶¶ 4, 10.

The Ministry of Finance is "part of the Republic," with a separate legal personality. *Id*. at ¶ 13. BANDES was created by presidential decree and enjoys "the same prerogatives, privileges and exceptions as the Law grants to the Republic." Art. 1, Decree with the Rank and Force of Law of Transformation of the Investment Fund of Venezuela into the Bank of Economic and Social Development, dated April 10, 2001 (attached as Exhibit H to Marcano Decl.); *see also id*. at art. 3 (authorized to carry out various governmental functions, including supporting regional

Hon. Sarah Netburn
October 31, 2025

development, investment, infrastructure, and development; administering public sector entities, multi-lateral agencies, bilateral programs, and international agreements; supporting the expansion, diversification, modernization, and competitiveness of the economy and society; and developing international programs and carrying out foreign policy). BANDES, in turn, wholly owns or majority owns each of the BANDES subsidiaries. Marcano Decl. at ¶¶ 15-17 (explaining that BANDES wholly owns BANDES Uruguay, S.A.; BANDES owns 75 percent of the shares of Banco Bicentenario, and the Ministry of Finance owns the remaining 25 percent; and BANDES owns 99 percent of the shares of BDV).

Because CAPA is charged with representing the Republic and the interests of entities owned by the Republic, CAPA holds the sole authority to represent the interests of the Ministry of Finance, BANDES, Banco BANDES Uruguay S.A., Banco Bicentenario, and BDV for purposes of protecting assets located abroad, including appointing attorneys to represent each of them. *Id*. at ¶¶ 10, 18. CAPA has *only* authorized White & Case to represent the Venezuelan Financial Entities in these proceedings, and CAPA's Chairman has expressly testified that Messrs. Kellner and Jiménez are *not* authorized to represent these entities. *Id*. at 20.

The same Supreme Court precedents and their progeny submitted in White & Case's prior briefing as to the authority of the Ad Hoc Board of PDVSA—namely, binding precedent that requires U.S. courts to accept as valid, under the political-question and act-of-state doctrines, the Executive Branch's recognition of the governments of foreign sovereigns and the appointments made by those governments—apply with equal force to CAPA's authority to engage White & Case as counsel in this action. *See* W&C Br. 15-20; W&C Reply 2-14. Indeed, recent events have only underscored that the *Baker* factors weigh strongly in favor applying the political-question doctrine and respecting the Executive's decision to recognize the legitimate government of Venezuela. *See* W&C Reply 2-4 (discussing *Baker* factors); *see also, e.g.*, Jennifer Hansler, The Trump administration focuses its attention on Venezuela and Maduro, CNN (Oct. 16, 2025), https://www.cnn.com/2025/10/16/politics/venezuela-maduro-trump (quoting White House press secretary as stating, "President Trump believes that Nicholas Maduro is an illegitimate President leading an illegitimate regime . . . .").

Given the Court's preference of avoiding duplicate briefs (*see* Order 2-3 (Oct. 17, 2025), ECF 600), White & Case expressly incorporates those precedents here rather than repeating them.

## II.    The Individuals Purporting to Authorize Messrs. Kellner and Jiménez Are SDNs, Designated for Their Connections To Maduro

In their September 30, 2025 supplemental letter, Messrs. Kellner and Jiménez state (at 2) that they "do not represent 'the Maduro Regime,'" but their own submissions undermine that incorrect assertion.

In fact, Messrs. Kellner and Jiménez reference their previously filed declarations from Reinaldo Enrique Muñoz Pedroza (purportedly on behalf of BDV) and Simon Alejandro Zerpa Delgado (purportedly on behalf of the Ministry of Finance and BANDES). Jiménez Sept. 30, 2025 Supp. 1-2 & n.1 (referring to the "direct authorizations" discussed in Kellner and Jiménez's prior briefing at ECF 425).

3

Hon. Sarah Netburn
October 31, 2025

But Messrs. Kellner and Jiménez fail to disclose that those individuals were **_designated as Specially Designated Nationals_** by the U.S. Department of the Treasury's Office of Foreign Assets Control on September 4, 2020, and July 26, 2017, respectively, **_because of their associations with Nicolás Maduro_**. _See_ Press Release, U.S. Dep't of Treasury, _Treasury Sanctions Maduro Regime Officials for Undermining Democratic Order in Venezuela_ (Sept. 4, 2020), https://2017-2021-translations.state.gov/2020/09/04/treasury-sanctions-maduro-regime-officials-for-undermining-democratic-order-in-venezuela/; Press Release, U.S. Dep't of Treasury, _Treasury Sanctions 13 Current and Former Senior Officials of the Government of Venezuela_ (July 26, 2017), https://home.treasury.gov/news/press-releases/sm0132; _see also Jiménez v Palacios_, 250 A.3d 814, 822 n.7, 828-841 (Del. Ch. Aug. 2, 2019 (holding that Maduro appointees, including Simón Alejandro Zerpa Delgado, were not authorized to represent Petróleos de Venezuela, S.A.) _aff'd_ 237 A.3d 68 (Del. 2020).

These designations confirm that, despite their claims to the contrary, Messrs. Kellner and Jiménez do appear at the direction of sanctioned individual members of the illegitimate Maduro Regime, whose purported authority is not recognized by the United States. _See_ W&C Br. 5-6; W&C Reply 6-8; W&C Sept. 30, 2025 Supp. 2-3.

Accordingly, this Court should strike their appearances, strike any filings they purport to make on behalf of any of the PDVSA Subsidiaries or Venezuelan Financial Entities, and recognize White & Case as those entities' sole legal counsel in these actions.

The suggestion by Messrs. Kellner and Jiménez that the Court simply defer deciding this issue is untenable. _See_ Jiménez Sept. 30, 2025 Supp. Ltr. 3. As previously briefed, allowing them to continue to appear would violate the political-question and act-of-state doctrines. It would give credence to their arguments that—contrary to the position of the United States government—the National Assembly is not the legitimate, recognized government of Venezuela, and CAPA and the Ad Hoc Board are not properly delegated with authority by the National Assembly. Finally, it would give legitimacy to the Maduro-controlled individuals that have unlawfully usurped these entities and that purport to authorize Messrs. Kellner and Jiménez.

By filing this letter, PDVSA, the PDVSA Subsidiaries and the Venezuelan Financial Entities do not waive and expressly preserve all rights, privileges, immunities, and defenses, including as to service of process, and subject-matter and personal jurisdiction.

Hon. Sarah Netburn
October 31, 2025

Respectfully submitted,

By:  *s/ Claire A. DeLelle*
Claire A. DeLelle
Nicole Erb
White & Case LLP
701 Thirteenth Street N.W.
Washington, D.C. 20005
(202) 626-6485
claire.delelle@whitecase.com
nerb@whitecase.com

*Counsel for PDVSA, the PDVSA Subsidiaries and
the Venezuelan Financial Entities*

cc:    All counsel of record via ECF