

**Marcos Daniel Jiménez**
305.570.3249
mdj@leoncosgrove.com

November 7, 2025

**VIA ECF**

Hon. Sarah Netburn
Chief United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, New York 10007

**Re:    Reply Letter Brief Regarding Authority-to-Represent**

Dear Judge Netburn:

León Cosgrove Jiménez, LLP and Kellner Herlihy Getty & Friedman LLP (hereinafter referred to as "LCJ/Kellner") respectfully submit this reply to White & Case ("W&C")'s October 31, 2025, supplemental letter brief regarding authority to represent (the "W&C Supplement"). ECF No. 204.

The W&C Supplement does not add any new argument or fact relevant to LCJ/Kellner's authority to represent its clients and continues to misstate the issue. The issue is not whether the Ad Hoc Board or the Council for the Administration and Protection of Assets ("CAPA") have authority to hire W&C to appear and make arguments on behalf of CAPA or the Ad Hoc Committee. The issue is whether the separate Venezuelan entities who hired LCJ/Kellner to represent their interests can be stripped of their counsel of choice by application of the "political question doctrine." The answer should be no; to do so would constitute a fundamental deprivation of due process. The question of authority to represent the subject Venezuelan entities is not political. The Ad Hoc Board and CAPA seek to control the assets of the Venezuelan entities. Depriving the Venezuelan entities of the authority to appoint counsel would constitute a final deprivation of the Venezuelan entities' assets vis-à-vis the Ad Hoc Board and CAPA.

Instead of raising any new argument or relevant fact, the W&C Supplement notes, rather breathlessly, that two of the declarants in affidavits LCJ/Kellner submitted years ago are on the list of Specially Designated Nationals, claiming LCJ/Kellner "fail[ed] to disclose" this fact to the Court in our supplemental letter brief. ECF No. 204 at 3–4; *see also Stansell* ECF No. 425-1. The fact that these two individuals were sanctioned (publicly) in 2017 and 2020, which was or should have been known to W&C years ago when these issues were initially briefed, is not new. Moreover, the fact that two declarants who worked for a sanctioned entity also face sanctions themselves is both unremarkable and immaterial. Sanctioned entities and individuals are, of

course, allowed to participate in legal proceedings and hire counsel to represent them in accordance with 31 C.F.R. § 591.506. Nothing prohibits such an entity from also offering the Court a declaration from its representatives, even if those representatives are themselves on a sanctions list.

By filing this letter, our clients do not waive and expressly preserve any rights and defenses, including but not limited to defenses based on personal jurisdiction, subject-matter jurisdiction, and service of process.

Respectfully submitted,

*/s/ Marcos Daniel Jiménez*
Marcos Daniel Jiménez
New York Bar No. 4881736
Stephen S. Stallings
Fla Bar No. 958859 (*pro hac vice*)
**LEÓN COSGROVE JIMÉNEZ, LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone:  305.570.3249
Email: mdj@leoncosgrove.com
Email: sstallings@leoncosgrove.com

*Counsel for the Venezuelan Third Parties*

LEÓN COSGROVE JIMÉNEZ, LLP
255 ALHAMBRA CIR., 8TH FLOOR I MIAMI, FL 33134 I T 305.740.1975 I WWW.LEONCOSGROVE.COM