**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-20896-CV-WILLIAMS**

KEITH STANSELL, *et al.*,

     Plaintiffs,

v.

REVOLUTIONARY ARMED FORCES OF
COLOMBIA, *et al.*,

     Defendants.

_____/

## <u>ORDER</u>

**THIS MATTER** is before the Court on Magistrate Judge Edwin Torres' Report and Recommendation (DE 996) ("***Report***") on Antonio Caballero's ("***Caballero***") Amended Motion to Change Venue Related to Interpleader Proceedings (DE 753, 757, 759, and 768) (DE 975) ("***Motion***" or "***Motion to Change Venue***"). In the Motion, Caballero requests that the Court transfer four interpleader actions (DE 753 ("***First PDVSA Interpleader***"); DE 757 ("***Banco Interpleader***"); DE 759 ("***Second PDVSA Interpleader***"); DE 984 ("***Lopez Bello Interpleader***")[1] filed by garnishee JPMorgan Chase Bank, N.A. ("***JPMorgan***") to Caballero's action in the Southern District of New York ("***SDNY***")—*In re Claims Against the Valero-Petrocedeno Account*, No. 20-mc-00249 (S.D.N.Y). (DE 975 at 1). In its Response, Plaintiffs do not oppose transfer of the

---

[1] Docket entry 768, referenced in Caballero's Motion, is JPMorgan's Amended Answer and Third-Party Complaint for Relief in Interpleader related to Plaintiffs' Writ of Garnishment (DE 706) on the blocked assets of Samark Jose Lopez Bello ("***Lopez Bello Assets***"). Subsequent to the filing of Caballero's Motion, JPMorgan filed a Second Amended Answer and Third Party Complaint (DE 984) related to the same writ of garnishment. For ease, the Court will refer to docket entry 984 when discussing the Lopez Bello Interpleader.

First PDVSA, Banco, and Second PDVSA Interpleaders and request dismissal from those actions because they have withdrawn their related writs of garnishment. (DE 990 at 1 (citing DE 946)).[2] Plaintiff did oppose transfer of the Lopez Bello Interpleader, though made no argument for why transfer is unwarranted under 28 U.S.C. § 1404.[3] Plaintiffs filed a Reply (DE 994).

In the Report, Judge Torres recommends that the Motion be granted. (DE 996 at 1, 5). Specifically, Judge Torres finds transfer appropriate as to the three interpleader proceedings for which Plaintiffs do not oppose transfer because "(1) all parties agree on transfer, (2) Plaintiffs have withdrawn their writs, (3) Mr. Caballero's writs [in SDNY] were first in time, and (4) Mr. Caballero's claims to the accounts (and other similar accounts) are already being decided in the Southern District of New York[.]" (*Id.* at 3). Judge Torres finds transfer of the Lopez Bello Interpleader warranted, despite Plaintiffs' opposition, because it also relates to claims being decided in SDNY, and "Plaintiffs provide no real argument as to why transfer is improper[.]" (*Id.* at 4–5). Further, Judge Torres recommends dismissing Plaintiffs from the First PDVSA, Banco, and Second PDVSA Interpleaders because Plaintiffs have since withdrawn the related writs of garnishment

---

[2] On October 1, 2025, after all briefing had been filed and Judge Torres' Report had been entered, Plaintiffs also withdrew and dismissed their Writ of Garnishment (DE 706) related to the Lopez Bello Assets. (DE 1010). As the Court is adopting Judge Torres' recommendation to transfer the Lopez Bello Interpleader, this development does not alter the Court's conclusion as to transfer but makes Plaintiffs' dismissal from the Lopez Bello Interpleader now appropriate as well.

[3] In their Response, Plaintiffs also request the Court enter a turnover order in favor of Mr. Caballero as to the Lopez Bello Assets. (DE 990 at 5). As Caballero did not request this relief in his Motion, and in fact vigorously opposes it, (DE 994), the Court will not take up this issue. *See* "[A]ffirmative requests for relief must be made in independent motions, not buried in a legal memorandum." *Basulto v. Netflix, Inc.*, No. 22-21796-CIV, 2022 WL 17532279, at *2 (S.D. Fla. Dec. 8, 2022).

(DE 753; DE 757; DE 759). *See* (DE 946 (withdrawing writs of garnishment under docket entries 711, 712, 713, 718, and 798)). JPMorgan does not oppose the Motion. (DE 975 at 1). And Plaintiffs "have no objections to the" Report. (DE 1013). Upon a careful review of the Report, the Motion, the record, and the applicable law,  it is **ORDERED AND ADJUDGED** that:

1.    Judge Torres' Report (DE 996) is **AFFIRMED AND ADOPTED**.

2.    Caballero's Motion to Change Venue (DE 975) is **GRANTED**.

3.    Based on their withdrawal of their relevant writs of garnishment, Plaintiffs are **DISMISSED** from the First PDVSA (DE 753), Banco (DE 757), Second PDVSA (DE 759), and Lopez Bello (DE 984) Interpleaders.

4.    The Clerk of Court is directed to **TRANSFER** the four interpleader actions identified in the Motion, the First PDVSA Interpleader (DE 753); Banco Interpleader (DE 757); Second PDVSA Interpleader (DE 759); and Lopez Bello Interpleader (DE 984), to the action in the Southern District of New York, titled *In re Claims Against the Valero-Petrocedeno Account*, No. 20-mc-00249 (S.D.N.Y.).

**DONE  AND  ORDERED** in  Chambers  in  Miami,  Florida,  this  <u>18th</u> day of November, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE