USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/20/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CASE NO. 20-MC-249 (LGS) (SN)**

IN RE CLAIMS AGAINST THE
VALERO-PETROCEDENO ACCOUNT.                      **FILED UNDER SEAL**
_____/

**ORDER ON PLAINTIFF ANTONIO CABALLERO'S**
***EX PARTE* MOTION FOR WRIT OF EXECUTION**

**UPON DUE AND CAREFUL CONSIDERATION** of the Court's January 13, 2021 sealed (now unsealed) Order (the "January 13, 2021 Lopez Bello Order," ECF No. 69); the March 9, 2021 Order on Plaintiff Antonio Caballero's Motion for Writ of Execution (ECF No. 52); the Order Granting Plaintiff Antonio Caballero's Motion for Turnover of Blocked Account under TRIA and Final TRIA Turnover Judgment (ECF No. 135); Plaintiff Antonio Caballero's *Ex Parte* Motion for Writ of Execution[1] dated April 27, 2026 (hereafter the "Motion for Writ of Execution"); and pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. §2333(a); Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, § 201(a), 116 Stat. 2322 (codified at 28 U.S.C. § 1610 note); *Stansell v. Revolutionary Armed Forces of Columbia [sic]*, 771 F.3d 713, 729-730 (11th Cir. 2014) (concluding that in actions to enforce judgments against terrorists "factors weigh in favor of immediate attachment"); *Havlish, et al. v. Taliban, et al.,* 152 F.4th 339 (2d Cir. 2025); Fed. R. Civ. P. 69; and New York CPLR §§ 5230 and 5232, it is **ORDERED AND ADJUDGED** as follows:

1.      The Court has subject matter jurisdiction to conduct post-judgment execution proceedings of a plaintiff's final judgment under a federal statute (ATA), rendered by a U.S. district court and properly registered in this district pursuant to 28 U.S.C. § 1963, with post-judgment execution under the ATA and TRIA § 201;

---

[1] The "*Ex Parte* Motion for Writ of Execution" includes the Notice of Motion (ECF No. 245), supporting memorandum and its exhibits (ECF Nos. 246, 246-1), and related proposed Order.

2.    The Court grants the Motion for Writ of Execution;

3.    The Court finds that, pursuant to—(i) the January 13, 2021 Lopez Bello Order (D.E. 69); (ii) the March 9, 2021 Order on Plaintiff Antonio Caballero's Motion for Writ of Execution (ECF No. 52); and (iii) the Order Granting Plaintiff Antonio Caballero's Motion for Turnover of Blocked Account under TRIA and Final TRIA Turnover Judgment (ECF No. 135)— the assets of Samark Jose Lopez Bello a.k.a. Samark Lopez Delgado ("Lopez Bello") are blocked assets and are executable under TRIA towards satisfaction of the May 20, 2020, final judgment entered in the United States District Court for the Southern District of Florida in favor of Mr. Caballero and against FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA, a/k/a FARC-EP, a/k/a/ FARC, a/k/a REVOLUTIONARY ARMED FORCES OF COLOMBIA ("FARC") and THE NORTE DE VALLE CARTEL, a/k/a NDVC, a/k/a NORTH VALLEY CARTEL, and which was registered with this Court on July 6, 2020, ECF Nos. 1, 1-1 (hereinafter the "ATA Final Judgment");

4.    The Court concludes that Plaintiff Antonio Caballero has adequately established that (i) he has obtained an ATA judgment against a terrorist party that is based on an act of international terrorism; (ii) the assets which Mr. Caballero seeks to execute on are "blocked assets" as that term is defined under the TRIA and the ATA, 18 U.S.C. §2333(e); (iii) the total amount of the execution does not exceed the amount outstanding of Mr. Caballero's ATA Final Judgment; and (iv) an agency or instrumentality of the FARC has an interest in the subject blocked assets;

5.    Further, as previously determined in the Order Granting Plaintiff Antonio Caballero's Motion for Turnover of Blocked Account under TRIA and Final TRIA Turnover Judgment (ECF No. 135 at ¶ 8), Lopez Bello is collaterally estopped from contesting prior judicial determinations that he is agency or instrumentality of the FARC;

6.    Moreover, for the reasons, which the Court adopts, stated in Caballero's

2

memorandum of law in support of his Motion for Writ of Execution (ECF No. 246 at 7-9), Lopez Bello is an agency and/or instrumentality of the FARC under TRIA as of the date that his assets at issue were blocked (i.e., on February 13, 2017).

7.    The Clerk of this Court is directed to issue the Writ of Execution for the levy of the blocked assets within this Court's jurisdiction held by Garnishee, The Bank of New York Mellon ("BNYM"), for service and levy on BNYM to execute and/or attach any assets (up to Plaintiff Antonio Caballero's outstanding trebled portion of his compensatory damages award – i.e., $104,887,922.18, plus additional interest) within this Court's jurisdiction in the putative name of, or for the benefit of, or that were blocked due to an association with Lopez Bello;

8.    The Clerk of the Court is authorized and directed to issue such further writs of execution as warranted under, and in accordance with, Rule 69 of the Federal Rules of Civil Procedure, consistent with: (i) the January 13, 2021 Lopez Bello Order (D.E. 69); (ii) the March 9, 2021 Order on Plaintiff Antonio Caballero's Motion for Writ of Execution (ECF No. 52); and (iii) the Order Granting Plaintiff Antonio Caballero's Motion for Turnover of Blocked Account under TRIA and Final TRIA Turnover Judgment (ECF No. 135); and (iv) this Order; and

9.    Mr. Caballero is ordered to notify the Court once he has attached all assets that are subject to this Order.

---

This motion for a writ of execution is GRANTED. The Clerk of Court is respectfully directed to issue a writ of execution in the form attached as Exhibit A to Caballero's memorandum of law, ECF No. 246-1. This Order is temporarily SEALED, with access restricted to only Caballero, until further order of the Court.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: May 20, 2026
      New York, New York

---