UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
:  
:         20 Misc. 249 (LGS) (SN)
*In re Claims Against the Valero-Petrocedeno*   :
*Account.*   :
:         **ORDER**
:
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff Antonio Caballero seeks final turnover of assets contained in a blocked bank account ending in 051 (the "Blocked Account") held by JPMorgan Chase Bank, N.A. ("JPMorgan") in the putative name of, or for the benefit of, or that was blocked due to an association with, Samark Jose Lopez Bello (the "Requested Turnover").

WHEREAS, for the reasons below, additional notice is required to Lopez Bello, who is the judgment debtor for the purpose of this motion, and to Commerzbank AG ("Commerzbank") and Clearstream Banking SA ("Clearstream"), which are potential adverse claimants.

**Service on Judgment Debtor**

WHEREAS, under Federal Rule of Civil Procedure 69(a), New York law governs the procedure applicable to this post-judgment enforcement proceeding. Under CPLR § 5225(b), a judgment creditor may execute a judgment against property held by a party other than a judgment debtor by "special proceeding . . . against a person in possession or custody of money or other personal property in which the judgment debtor has an interest." Section 5225(b) further states that "[n]otice of the proceeding shall also be served upon the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested." Although New York special proceeding procedures "need not be strictly adhered to as long as there is no prejudice to the opposing party in giving notice of the claims and framing the issues," *CSX*

*Transportation, Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 469 (2d Cir. 2018), courts in this District enforce the requirement that notice be served on a judgment debtor in compliance with CPLR § 5225(b), *see, e.g.*, *Advanced Video Techs. LLC v. HTC Corp.*, No. 11 Civ. 6604, 2019 WL 4198769, at *12 (S.D.N.Y. Aug. 12, 2019) (noting that requirement is satisfied).

WHEREAS, previously, in connection with a motion for turnover of different assets, an Order entered January 8, 2025, authorized service on Lopez Bello via email and first class mail to Lopez Bello's counsel and via first class mail to the facility in which Lopez Bello was reportedly incarcerated at the time. The Order concluded that this manner of service was "reasonably calculated to provide Lopez Bello . . . with Notice of the turnover motion and a reasonable opportunity to be heard." Dkt. 128, at 4; *see also* CPLR § 308(5) (permitting service of summons on a natural person "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section"); *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021) (service pursuant to CPLR § 308(5) complies with constitutional due process when service is "reasonably calculated, under all the circumstances, to apprise the interested party of the pendency of the action and afford them an opportunity to present their objections" (citation omitted)).

WHEREAS, the Certificate of Service that Caballero filed in connection with the instant motion states that Lopez Bello was served through his counsel via ECF. This form of service does not comply with Federal Rule of Civil Procedure 4 or CPLR § 308. Nor is this form of service consistent with the form of service on Lopez Bello that previously was authorized in connection with turnover of different assets.

**Service on Third Parties**

WHEREAS, in order to grant a final turnover of assets not in the possession of the judgment debtor, a court must "find either that the judgment debtor is 'entitled to the possession of [the] property,' *or* . . . that 'the judgment creditor's rights to the property are superior' to those of the party in whose possession it is." *Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838, 840 (2d Cir. 1991) (quoting CPLR § 5225(b)).  Garnishee JPMorgan has identified Clearstream and Commerzbank as parties to the wire transfer that gave rise to the Blocked Account.  These parties may have an interest in the assets and, as potential adverse claimants, "should be offered an opportunity to be heard" before turnover.  *Teamsters Loc. 456 Pension Funds v. CRL Transportation, Inc.*, No. 18 Civ. 2056, 2020 WL 3619048, at *8 (S.D.N.Y. July 2, 2020); *see Cadle Co. v. Satrap*, 754 N.Y.S.2d 354, 355 (2d Dep't 2003) (reversing grant of turnover when trial court did not determine interest of potential adverse claimant).  CPLR § 5525(b) does not require that potential adverse claimants be served in the same manner as a summons or by registered or certified mail, return receipt requested, in contrast to the judgment debtor.

WHEREAS, Caballero argues that Clearstream has been provided notice by ECF notification on Mr. Craig Thomas Cagney.  Mr. Cagney has appeared on behalf of Citibank, N.A. in this action and on behalf of Clearstream in No. 16 Misc. 405, which is designated as related to this action.  ECF notification on Mr. Cagney is insufficient to provide Clearstream with notice in this action because he does not represent Clearstream in this action.  However, email service on Mr. Cagney is reasonably calculated to provide Clearstream notice of Caballero's motion.

WHEREAS, Caballero proposes to provide notice to Commerzbank by email to commerzbanknorthamerica@commerzbank.com, which is the contact information that the

3

Commerzbank website provides for Commerzbank's New York branch.[1]  Caballero's proposal is insufficient.  Caballero has not shown that notice to Commerzbank's New York branch suffices to provide notice to Commerzbank AG.  To the extent that service on Commerzbank's New York branch is sufficient to provide notice to Commerzbank AG, Caballero also has not shown that service on that email address, which does not appear to be tied to a specific person at Commerzbank, is reasonably calculated to provide notice to Commerzbank.  It is hereby

**ORDERED** that, by **June 4, 2026**, Caballero shall file a letter proposing a method of service on Lopez Bello consistent with CPLR § 5225(b), and, if necessary, seeking leave to effect service by alternative means pursuant to CPLR § 308(5) or other applicable law.  The letter shall also propose an alternative means of providing notice to Commerzbank.  It is further

**ORDERED** that, by **June 4, 2026**, Caballero shall file proof of service of (1) the Notice of Motion, (2) all filings submitted in connection with the Motion and (3) this Order on Clearstream by email on Mr. Craig Thomas Cagney.  Clearstream shall have twenty-one days from the date of service to oppose or otherwise respond to Caballero's motion.  Failure to respond by that date will be deemed consent to the Requested Turnover.

Dated: May 28, 2026
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

---

[1] *See* Commerzbank, Commerzbank Worldwide, *https://www.commerzbank.de/group/who-we-are/commerzbank-worldwide/* (select "North America," and then select "Write an email" under "New York Branch") (last visited May 27, 2026) [https://perma.cc/P8UN-U6BM].