**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CASE NO. 20-MC-249 (LGS) (SN)**

IN RE CLAIMS AGAINST THE
VALERO-PETROCEDENO ACCOUNT.
______________________________________/

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFF ANTONIO CABALLERO'S MOTION FOR FINAL TRIA TURNOVER ORDER AND JUDGMENT**

This matter is before the Court on Plaintiff Antonio Caballero's ("Plaintiff" or "Caballero") motion (the "Turnover Motion," ECF Nos. 231, 232) for the turnover under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107-297, § 201(a), 116 Stat. 2322 (codified at 28 U.S.C. § 1610 note), of the blocked account, ending in 6051 (the "Blocked Account"), held by garnishee JPMorgan Chase Bank, N.A. ("JPMorgan").

IT IS HEREBY ORDERED that Plaintiff's Turnover Motion is GRANTED. The Court enters this Final TRIA Turnover Order and Judgment in favor of Caballero directing the turnover of the funds in the Blocked Account.

Based on the record regarding the Blocked Account, the Court finds and rules as follows:

1) This Court has subject matter jurisdiction to conduct post-judgment execution proceedings on Caballero's final judgment, under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(a)-(e), rendered by the U.S. District Court for the Southern District of Florida in *Antonio Caballero v. FARC, et al.*, No. 1:18-cv-25337-KMM (the "Caballero Judgment"). The Caballero Judgment has been registered in the U.S. District Court for the Southern District of New York pursuant to 28 U.S.C. § 1963. ECF No. 1.

2) JPMorgan established the Blocked Account, in the original amount of $1,000,000, on or about April 11, 2017. ECF No. 221 at ¶ 2. The Blocked Account is blocked under 31 C.F.R

Part 598, the Foreign Narcotics Kingpin Sanctions Regulations administered by the Office of Foreign Assets Control ("OFAC") of the U.S. Treasury Department. *Id.* JPMorgan, as garnishee, holds the Blocked Account, in New York, in accordance with 31 C.F.R. Part 598. *Id*.

3) The Blocked Account is the property of Samark Jose Lopez Bello ("Lopez Bello"). ECF No. 221 at ¶ 4. On February 13, 2017, OFAC sanctioned Lopez Bello by placing him on its list of Specially Designated Nationals and Blocked Persons ("SDN"), on which he remains today. *Id.*

4) In March 2021, Caballero served a writ of execution on JPMorgan Chase & Co. (the "Caballero Writ," ECF No. 221 at 31-33) that covers, among other blocked assets, blocked accounts in which Lopez Bello has an interest, including the Blocked Account.

5) The Court has *in rem* jurisdiction over the Blocked Account insofar as the account is held by JPMorgan in New York. The Court also has personal jurisdiction over JPMorgan.

6) Section 201(a) of TRIA provides that a holder of a judgment against a terrorist party on a claim based upon an act of terrorism may collect from the "blocked assets," as defined by TRIA § 201(d)(2), of an agency and instrumentality of the judgment debtor. A license from OFAC is not required for a garnishee to turn over to a judgment creditor, pursuant to a valid turnover order or judgment under TRIA, assets held by the garnishee that are blocked under OFAC sanctions regulations. *See Harrison v. Republic of Sudan*, 855 F.3d 399, 408-09 (2d Cir. 2015) ("Once a district court determines that blocked assets are subject to the TRIA, those funds may be distributed without a license from OFAC."); *Weininger v. Castro*, 462 F. Supp. 2d 457, 499 (S.D.N.Y. 2006).

7) To obtain an order directing the turnover of a blocked asset under TRIA § 201(a), a judgment creditor must establish: (1) that the ATA judgment being enforced is against a terrorist party and is based on an act of terrorism; (2) that the property on which execution is sought is a

"blocked asset" within the meaning of TRIA § 201(d)(2); (3) that the amount of the blocked asset being executed on does not, combined with the judgment creditor's other recovered blocked assets, exceed the compensatory damages component of the creditor's ATA judgment; and (4) that the party with an ownership interest in the blocked asset on which execution is sought is the terrorist party/judgment debtor or an agency or instrumentality thereof. *Weininger*, 462 F. Supp. 2d at 479. Moreover, the U.S. Circuit Court of Appeals for the Second Circuit has held that "[a]n entity's 'agency or instrumentality' status under the Terrorism Risk Insurance Act is to be assessed as of the date that the assets at issue were blocked." *Havlish, et al. v. Taliban, et al.,* 152 F.4th 339, 366 (2d Cir. 2025).

8) Caballero has met all of the elements required to obtain a final turnover judgment under TRIA § 201(a). Specifically: (1) Caballero has a judgment under the ATA against a terrorist party, Fuerzas Armadas Revolucionarias de Colombia ("FARC"), for a claim based on an act of terrorism, as previously determined by this Court in its Orders dated March 9, 2021 and February 12, 2025 (ECF No. 52 at ¶ 5; ECF No. 135 at ¶ 8)); (2) Caballero seeks the turnover of a blocked asset within the meaning of TRIA § 201(d)(2) (ECF No. 52 at ¶¶ 4-5); (3) Caballero's recovery of the funds in the Blocked Account will not result in his overall recovery of more than the compensatory damages component of the Caballero Judgment (ECF No. 52 at ¶ 5)[1]; and (4) Lopez Bello is, as held by the Court in its Orders dated March 9, 2021 and February 12, 2025, an agency or instrumentality of the FARC (ECF No. 52 at ¶ 5; ECF No. 135 at ¶ 8)). Further, as held by the Court in its Order dated February 12, 2025, Lopez Bello is collaterally estopped from contesting prior judicial determinations that he is an agency or instrumentality of the FARC. ECF No. 135 at

[1] The outstanding trebled portion of the compensatory damages awarded in the Caballero Judgment totals $105,965,126.97, inclusive of interest through 5/19/26. JPMorgan established the Blocked Account, in the original amount of $1,000,000, on or about April 11, 2017. ECF No. 221 at ¶ 2.

¶ 8). Moreover, for the reasons, which the Court adopts, stated in Caballero's memorandum of law in support of his Turnover Motion (ECF No. 232 at 9-11), Lopez Bello is an agency and/or instrumentality of the FARC under TRIA as of the date that his assets at issue were blocked (i.e., on February 13, 2017).

9) The Court concludes that Caballero has complied with all of the requirements set forth in the Orders entered on May 28, 2026 (ECF No. 263) and on June 1, 2026 (ECF No. 267). Moreover, the Court concludes that Lopez Bello, the Stansell group, Clearstream Banking SA ("Clearstream"), Commerzbank AG ("Commerzbank"), the FARC, and the Norte del Valle Cartel ("NDVC") have received adequate notice from Caballero of this turnover proceeding and have had an opportunity to be heard before the Court on the Turnover Motion. In particular:

a. As to Lopez Bello, the Court finds that Caballero has provided him with adequate notice, as set forth in Caballero's notice of compliance and status reports. *See* ECF No. 268 at ¶¶ 1-7, 10-15; ECF No. 275 at ¶¶ 1-5; Caballero's Status Report dated July 16, 2026.

b. As to the Stansell group, who have withdrawn their writ relating to the Blocked Account and have been dismissed from JPMorgan's interpleader pertaining to the Blocked Account (ECF No. 217 at 2 n.2, 3 ¶ 3), the Court finds that Caballero has provided them with adequate notice as evidenced by the Stansell group's response in support of the Turnover Motion (ECF No. 237).

c. As to Clearstream, the Court finds that Caballero has provided it with adequate notice, as set forth in Caballero's notice of compliance and status report. *See* ECF No. 265; Caballero's Status Report dated July 16, 2026.

d. As to Commerzbank, the Court finds that Caballero has provided it with adequate notice, as set forth in Caballero's notice of compliance, notice of filing proof of service,

and status reports. *See* ECF No. 268 at ¶¶ 1-3, 5, 8-9; ECF No. 271; ECF No. 275 at ¶¶ 6-9; Caballero's Status Report dated July 16, 2026.

e. As to the FARC and the NDVC, the Court finds that Caballero has provided them with adequate notice, as set forth in his Certificate of Service (ECF No. 232 at 15 and ECF No. 238 at 3-4).

10) Caballero is the only claimant left participating in the interpleader (ECF No. 221) and the only claimant that is seeking turnover. *See* ECF No. 232.

11) Caballero's claim to the Blocked Account takes priority over any claims by Lopez Bello, the FARC, the NDVC, "John Does 1-10"—including Commerzbank and Clearstream[2]—and the Stansell group, and no one is contesting Caballero's priority over the Blocked Account. The Blocked Account is the property of Lopez Bello, whose interest in the Blocked Account is the basis for the blocking of the account under 31 C.F.R. Part 598, as stated in the Report of Blocked Transactions to OFAC (ECF No. 221 at 20). Caballero obtained the Caballero Writ from this Court covering the Blocked Account (ECF No. 221 at 31-33) on or about March 10, 2021 and served the writ on JPMorgan Chase & Co. on or about March 11, 2021 (ECF No. 221 at 30). The Stansell group are the only other judgment creditors who have served a writ upon JPMorgan relating to the Blocked Account, but that writ (issued by the Southern District of Florida) was issued more than four years after Caballero served his writ on JPMorgan Chase & Co. and has been, in any case, withdrawn. *See* ECF No. 217 at 2 n.2, 3 ¶ 3; ECF No. ECF No. 221 at ¶ 14. Moreover, the Stansell group has since been dismissed from JPMorgan's interpleader relating to

[2] "John Does 1-10" is a named third-party defendant. JPMorgan identifies Commerzbank and Clearstream in paragraph 30 of its interpleader complaint relating to "John Does 1-10," but does not name them as separate third-party defendants. *See* ECF No. 221 at ¶ 30 ("JPMorgan does not expect that either Commerzbank or Clearstream will assert such an interest, and accordingly does not name them as third-party defendants.").

the Blocked Account. *See* ECF No. 217 at 2 n.2, 3 ¶ 3. Caballero accordingly has priority vis-à-vis the Stansell group to the funds in the Blocked Account.

12) The Court concludes that Caballero is the only party with a writ for the Blocked Account.

13) There are no issues left to resolve in this interpleader (ECF No. 221), which proceeding shall be closed by entry of this Final TRIA Turnover Order and Judgment.

IT IS FURTHER ORDERED that:

1. Caballero is entitled under TRIA § 201(a) to recover the funds in the Blocked Account, including all interest accrued thereon.

2. Subject to Section 4.d below, JPMorgan shall transfer to Caballero the funds in the Blocked Account, including all accrued interest through the date this Final TRIA Turnover Order and Judgment becomes final and non-appealable as described in Section 4.d below, via wire transfer to Zumpano Patricios, P.A., counsel of record for Caballero. The transfer shall be made within 14 days after this Final TRIA Turnover Order and Judgment has become final and non-appealable under Section 4.d below.

3. Subject to Section 4.d below, within fifteen business days of the last day of the month in which the above payment is made, JPMorgan shall transfer to Caballero via wire transfer to Zumpano Patricios, P.A., counsel of record for Caballero, any interest accrued on the Blocked Account between the date this Final TRIA Turnover Order and Judgment becomes final and non-appealable as described in Section 4.d below and the date the above funds were remitted to Caballero's counsel pursuant to Section 2 above.

4. Upon JPMorgan's transfer of the funds in the Blocked Account to Caballero's counsel:

a. <u>Release and Discharge</u>: JPMorgan, including its parent and affiliated companies,

and the directors, officers, employees, agents, assignees, and representatives of each of the foregoing (collectively, the "JPMorgan Releasees") shall have no further obligations of any kind with respect to the Blocked Account. The JPMorgan Releasees shall accordingly have no liability to, and are hereby discharged, held harmless and released from, any potential claims by or liability to Caballero, Lopez Bello, the FARC, the NDVC, Commerzbank, Clearstream, the Stansell group, any agencies or instrumentalities of the FARC or of any of the other defendants, and any other persons or entities worldwide as to any matters based on, arising from or otherwise relating to JPMorgan's transfer of the funds in the Blocked Account to Caballero in accordance with this Final TRIA Turnover Order and Judgment.

b. Permanent Bar on Future Litigation: Caballero, Lopez Bello, the FARC, the NDVC, Commerzbank, Clearstream, the Stansell group, any agencies or instrumentalities of the FARC or of any of the other defendants, and any other persons or entities worldwide shall be permanently restrained and enjoined from instituting or pursuing any legal action or proceeding, in any jurisdiction worldwide, against the JPMorgan Releasees for damages allegedly arising from or otherwise relating to JPMorgan's transfer of the funds in the Blocked Account to Caballero in accordance with this Final TRIA Turnover Order and Judgment.

c. Dissolution of All Writs: All writs of execution – including the Caballero Writ – notices of pending action, restraining notices and other judgment creditor process of any kind served on, or delivered to, JPMorgan, to the extent they apply to or attach the funds in the Blocked Account, are hereby deemed vacated and null and void.

d. Deferral of Transfer Until After Order Is Final and Non-Appealable: JPMorgan's obligations under Section 2 and Section 3 above to transfer the funds in the Blocked Account to Caballero shall arise only after this Final TRIA Turnover Order and Judgment has become final and no longer subject to appeal. This Final TRIA Turnover Order and Judgment shall be

considered final and non-appealable when the time to file an appeal from it has expired or, if an appeal is filed and not dismissed, then after the Final TRIA Turnover Order and Judgment is upheld in all material respects on appeal or after review by writ of certiorari and is no longer subject to review upon appeal or review by writ of certiorari.

5. This Order constitutes a final judgment within the meaning of Fed. R. Civ. P. 54(b), and there is no just reason for delay in the entry of it as a final judgment, subject to Section 4.d.

6. This Court shall retain jurisdiction over this matter to enforce any violation of this Final TRIA Turnover Order and Judgment.

SO ORDERED:

Dated: September 17, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE